## NATIONAL LABOR RELATIONS BOARD v. DAHLSTROM METALLIC DOOR CO.
### No. 91.

Circuit Court of Appeals, Second Circuit.
June 17, 1940.

Marcel Mallet-Prevost, Atty., National Labor Relations Board, of Washington, D. C. (Charles Fahy, Gen. Counsel, National Labor Relations Board, Robert B. Watts,

Associate Gen. Counsel, Laurence A. Knapp, Asst. Gen. Counsel, and Samuel Edes and Malcolm S. Mason, Attys., all of Washington, D. C., on the brief), for petitioner.

J. Russell Rogerson, of Jamestown, N. Y. (Rogerson, Clary & Hewes, of Jamestown, N. Y., on the brief), for respondent.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Since 1933, the employees at respondent's plant had been organized as the Dahlstrom Employees' Union. In March, 1938, this group changed its affiliation and became Local No. 307 of the United Electrical, Radio & Machine Workers of America. On May 13, 1938, the international representative of United, one Louis Torre, notified respondent of his status by letter and requested a conference for purposes of collective bargaining. Respondent answered in a letter to Torre, stating, "We do not recognize you as representing our employees." Later proceedings, including an unsuccessful conference with respondent's representatives, culminated in a written offer by United to prove that it represented a majority of the employees, to which respondent made no reply. United then filed its charges with the National Labor Relations Board.

On June 2, 1938, the union and respondent conferred at a meeting arranged by the Board's regional office. The conditions of a consent election were considered. On June 7, respondent refused to participate in a consent election, declaring its unwillingness to abide by the result of a ballot in which the majority of those voting, rather than a majority of the employees in the plant, would prevail. On these facts the Board found that respondent had refused to bargain collectively with the exclusive representative of its employees.

■ There was ample evidence to justify the Board in its conclusion that Local No. 307 represented a majority. The appropriate bargaining unit was found to consist of 310 employees on May 7, 1938, and neither the appropriateness of the unit nor the number of employees therein is now attacked. As of that date, 295 of the 310 were found to have joined Local No. 307. Proof of this large membership was based on the oral testimony of union officers, a list of dues-paying members, and a complete set of membership application cards signed by the

employees. Against this respondent introduced nothing. Such proof cannot possibly be deemed insufficient. Art Metals Const. Co. v. National Labor Relations Board, 2 Cir., 110 F.2d 148, 149.

■ The evidence also supports the finding that respondent unlawfully refused to bargain collectively. The contention that bargaining was not mandatory until the Board had accredited Local No. 307 as bargaining agent is frivolous. An employer is under a duty to bargain as soon as the union representative presents convincing evidence of majority support. National Labor Relations Board v. Remington Rand, Inc., 2 Cir., 94 F.2d 862, 868, certiorari denied 304 U.S. 576, 585, 58 S.Ct. 1046, 82 L.Ed. 1540. We do not mean that respondent had to bargain with any one claiming to represent a majority, but adequate proof tendered by the claimant could not in good faith be ignored. The union offered to submit the signed membership cards, but this offer was not accepted. Respondent "made no effort to learn the facts and took the chance of what they might be." National Labor Relations Board v. Remington Rand, Inc., supra, 94 F.2d at page 869.

At the hearing before the Trial Examiner, counsel for respondent asked that subpoenas be issued to all the employees in the appropriate bargaining unit, in order to demonstrate that great numbers of these employees had been coerced into joining the union, as respondent alleged in its answer. The Examiner denied the request, ruling that he found "in the record so far made no basis for such a wholesale subpoena as that" and stating that his denial was "on the basis of the record, and the showing we have up to this time." Respondent had not yet put in its case. It subsequently presented three witnesses, but its request for subpoenas was not renewed at the hearings. In the course of oral argument before the Board, about six months later it again brought up the matter of the subpoenas. Counsel for respondent stated that had the request been granted, it would have been shown that United organizers had threatened that initiation fees would be raised after recognition had been achieved, and that when the objective of a closed shop was obtained, non-members would lose their jobs. The Board in its decision expressly stated that, even if this offer of proof had been accepted, the items offered did not indicate coercion by union organizers. The Board concluded that the statements attributed to

758

union organizers were not such as to relieve respondent of its fault in refusing to bargain.

 We do not think that, under the circumstances then presented, the Trial Examiner committed error such as to vitiate the proceedings in denying respondent's request for subpoenas to its 310 workmen. Under Section 11(1) of the National Labor Relations Act, 29 U.S.C.A. § 161(1), subpoenas are issued by the Board or its agents. The Board has a rule requiring a written application for subpoenas which "shall specify the name of the witness and the nature of the facts to be proved by him." Art. II, § 21, of Rules and Regulations of the Board. This rule was held to be unfair to the employer in Inland Steel Co. v. National Labor Relations Board, 7 Cir., 109 F.2d 9, 19. On the other hand, the court in North Whittier Heights Citrus Ass'n v. National Labor Relations Board, 9 Cir., 109 F.2d 76, 83, certiorari denied 60 S.Ct. 1075, 84 L.Ed. ——, declined to deny enforcement of an order where no prejudice was shown from the enforcement of the rule. Compare 53 Harv.L.Rev. 842, 848, and 39 Col.L.Rev. 377-381. In this case the application was made orally and the Trial Examiner did not enforce the rule, but denied the request on the merits because of its wholesale character. Requests for subpoenas should be viewed sympathetically in order to ensure a fair hearing. Here, however, the blanket nature of the request indicated merely a general exploration which would have prolonged the hearings interminably and gave no promise of results. The tentative nature of the Examiner's ruling did not exclude the possibility of even an exploratory search for evidence of a more limited and reasonable nature.

But in any event, this ruling had no effect on the result and did not prejudice respondent, for the Board was willing, arguendo, to accept as true all respondent offered to prove. The Board was clearly correct in holding the statements of union organizers unavailable as a defense to respondent. These "threats" were persuasive arguments addressed to the employees' self-interest. We do not doubt their effectiveness, but union organizers are quite free to explain the legitimate consequences of joining or remaining aloof. Had the threats been of physical violence, the case would be different, as the Board itself conceded. But it would have been in no way improper for the union to raise its dues or demand a closed shop; consequently it could not have have been improper to "threaten" to do so.

Petition granted.