NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

GORBEA, PEREZ & MORELL, S. EN C., Respondent.

No. 5918.

United States Court of Appeals First Circuit.

March 27, 1962.

---

Norton J. Come, Attorney, Washington, D. C., with whom Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Melvin J. Welles and Morton Namrow, Washington, D. C., Attorneys, were on brief, for petitioner.

Jaime Pieras, Jr., San Juan, P. R., with whom Pieras & Martin, San Juan, P. R., was on brief, for respondent.

Before WOODBURY, Chief Judge, and ALDRICH and GANEY,* Circuit Judges.

ALDRICH, Circuit Judge.

■■■ This is a petition for enforcement of an order of the Labor Board based upon findings of violations of section 8(a) (1) and (5), National Labor Relations Act, 29 U.S.C.A. § 158(a) (1, 5). We agree with the Board that the evidence warranted its finding that the respondent employer's offer of a wage increase was for the purpose of inducing the employees to resist the charging union's organizational campaign in violation of section 8(a) (1). Cf. N. L. R. B. v. Pyne Molding Corp., 2 Cir., 1955, 226 F.2d 818. The evidence also indicated that the respondent refused to deal with the union without an election after being, quite correctly, informed that a substantial majority of its employees had signed authorization cards. This prima facie warranted a finding of a violation of section 8(a) (5). N. L. R. B. v. Whitelite Products, etc., Corp., 1 Cir., 1962, 298 F.2d 12. Even though many of the employees testified that they had not understood the meaning of the cards, the cards were very clearly phrased. The employees were not illiterate. There was no claim of affirmative misrepresentation by the union. The Board was justified in accepting the cards at their face value and rejecting the oral testimony that the employees had thought they meant something else.

We have reservations in one particular. It is no more excusable for a union to offer improper inducements to join than it is for the employer to offer improper inducements not to join. Near the bottom of the application cards was the following legend.

"NON PAYMENT OF INITIATION FEE

Those who join now shall never have to pay an initiation fee. Those who wait until the contract is signed, shall have to pay the regular initiation fee.

*　*　*　*　*　*

No Initiation Fee!"

We think there is a serious question whether there was an improper inducement. The Board did not discuss this matter. For many years it has held that waiving initiation fees for those who join prior to the election is traditional organizational practice, and has refused to invalidate elections because of it. Otis Elevator Co., 1955, 114 N.L.R.B. 1490; The Root Dry Goods Co. d/b/a The Root Store, 1950, 88 N.L.R.B. 289; cf. N. L. R. B. v. Dahlstrom Metallic Door Co., 2 Cir., 1940, 112 F.2d 756. In the Board's opinion, this would not affect individual freedom of choice in the election. Gruen Watch Co., 1954, 108 N.L.R.B. 610; A.R.F. Products, Inc., 1957, 118 N.L.R.B. 1456. In Gruen Watch the Board suggested that waiver of initiation fees might in fact make those who had signed less interested in the outcome.[1] On the other hand, the Board held that where the waiving of the initiation fee was made in such terms as to encourage the employees to vote affirmatively for the union it was improper. Lobou Bros., 1954, 109 N.L.R.B. 1182. These distinctions are not unreasonable. A man might sign a union card as a hedge if it cost him nothing, and yet on a secret ballot not vote for the union; while one who had paid an initiation fee might feel he had an investment in the union's success. On the other hand, a man whose initiation fee will be waived only if the union wins the election (Lobou Bros.) has had financial pressure put upon him to vote affirmatively.[2]

Although waiving initiation fees before an election may be harmless because it buys only membership cards but not votes, it seems to us that it ceases to be harmless when the cards, as in this case, become the equivalent of votes. The union has then bought the very affirmative action it needed. But before we reach a final conclusion on this matter, and because the case must go back anyway, we would like the benefit of the Board's thinking. We are aware of the cases of N. L. R. B. v. Dahlstrom Metallic Door Co., supra, and N. L. R. B. v. Taitel, 7 Cir., 1958, 261 F.2d 1, cert. den. 359 U.S. 944, 79 S.Ct. 725, 3 L.Ed.2d 677 but, with all respect, they merely state the result, rather than give reasons.

■■ There is a further, special situation in the case at bar. The statement, No fee if you join now, or you will pay the "regular initiation fee" later, was untrue. There was no "regular" fee, because this particular union did not charge initiation fees at any time. Whether this be viewed as an inducement, or a threat, in either event it was false. In N. L. R. B. v. Dahlstrom Metallic Door Co., supra, the court stated that since the union might raise dues when it chose, a "legitimate" statement that it was going to do so was not improper. But a fraudulent representation inducing membership is an unfair labor practice. N. L. R. B. v. H. Rohtstein & Co., 1 Cir., 1959, 266 F.2d 407. An untrue statement, made to discourage membership, that unionization may be expected to cost the employees money is improper. N. L. R. B. v. Whitelite Products Corp., supra. We wonder to what extent it is different to say, in order to encourage membership, that employees who do not join now will be out of pocket. Although

1. The Board said, at p. 612, "Undoubtedly, the IAM in this manner may have secured additional adherents before the election. But the interest of these employees in a union victory was certainly no greater, and perhaps less, than that of employees who might have paid the standard, higher initiation fees. In the absence of evidence that the employees would be rewarded or penalized because they voted for or against the union we cannot find that the IAM's conduct in these cases was sufficient to warrant setting aside the election."

2. We do not quarrel with the finding that giving an employee a glass of beer is not an unfair labor practice. Administrative Decision of the General Counsel (NLRB), Case No. K–169, Jan. 23, 1956, but initiation fees are dollars, and their significance in this case is attested by the prominence the union gave to the matter.

the Board's expertise, see N. L. R. B. v. Local 176, United Brotherhood of Carpenters, 1 Cir., 1960, 276 F.2d 583, is of course not final, cf. with Local 176, supra, Local 357, International Brotherhood of Teamsters, etc. v. N. L. R. B., 1961, 365 U.S. 667, 675, 81 S.Ct. 835, 6 L.Ed.2d 11, we would like its considered judgment on this subject.

A degree will be entered enforcing the order of the Board with respect to the violations of section 8(a) (1) and remanding the case to the Board for further proceedings not inconsistent with this opinion.