NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

PLASKOLITE, INC., Respondent.

No. 14875.

United States Court of Appeals
Sixth Circuit.

Nov. 7, 1962.

Vivian Asplund, Washington, D. C., for petitioner, Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Samuel M. Singer, Atty., N. L. R. B., Washington, D. C., on the brief.

Helen F. Humphrey, Washington, D. C., for respondent, Samuel H. Porter, Columbus, Ohio, on the brief.

Before CECIL, Chief Judge, WEICK, Circuit Judge, and PECK, District Judge.

CECIL, Chief Judge.

This case is before the Court on a petition of the National Labor Relations

Board for enforcement of its order issued against the respondent, Plaskolite, Inc., on November 29, 1961.

The Board found that the respondent violated section 8(a) (1) of the Act (Sec. 158(a) (1), Title 29 U.S.C.) by interfering with, restraining and coercing employees in the exercise of their right to engage in union activity.

The Textile Workers Union of America, AFL–CIO began a campaign to organize respondent's employees, in August 1960. A representation petition was filed with the Board and on September 14th an election was held which was lost by the Union. The Union contested the election and it was set aside by the Regional Director. The complaint in the unfair labor practice case now before us contained some of the same acts of misconduct as were alleged in the objections to the election. The Board consolidated the two cases. It sustained the Regional Director in setting the election aside and found the respondent guilty of unfair labor practices. (134 N.L.R.B. No. 63.) Only the Board's order pertaining to the unfair labor practices is before the Court on this review.

The alleged unfair labor practices occurred at respondent's plant, in Columbus, Ohio, where it is engaged in the manufacture of custom plastic products. No question of jurisdiction is presented.

It is claimed that the employer, through its officers and foremen, threatened that the employees would have to take physical examinations and intelligence tests, if the Union prevailed and that, if they failed to measure up to required physical and mental standards, they would be discharged. Other claimed threats were made, such as the employees would have to work harder under the Union and that the job of one Smith, who was agitating for the Union, could be done away with. It was further claimed that the employer made promises of wage increases, if the Union did not come into the plant, and that the employees were interrogated as to their Union sympathies.

The trial examiner found a violation in each of these categories of charges. The Board sustained the examiner and found a violation of Section 8(a) (1) as above stated.

It is provided in Section 160(e), Title 29 U.S.C., "The findings of the Board with respect to question of fact if supported by substantial evidence on the record considered as a whole shall be conclusive." Substantial evidence has been held to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126.

■ We have reviewed the evidence as printed in the appendices and conclude that it substantially supports the findings of the trial examiner as affirmed by the Board.

The respondent discharged an employee, William O. Friend, on November 16, 1960. The discharge was alleged to be for cause. It was claimed by the employer that Friend could not read or write and could not make out a report, the use of which was inaugurated about the middle of October 1961, after the election.

■ The trial examiner found that Friend was discriminatorily discharged because of his Union activities and in order to discourage membership in and adherence to the Union. This was in violation of Section 8(a) (3) and (1) of the Act. This ruling was also supported by the Board.

Upon a review of the evidence on this charge, we conclude that considering the testimony as a whole and the logical inferences drawn therefrom by the examiner, his finding was supported by substantial evidence.

"It is well settled that the credibility of witnesses and the reasonable inferences to be drawn from the evidence are matters for determination by the Trial Examiner and the Board." N. L. R. B. v. Bendix Corp., 299 F.2d 308, 310, C.A.6, cert. denied 83 S.Ct. 47. Where credi-

bility accorded witnesses by the trial examiner is such as would justify conflicting inferences, with reference to a discharge, "we are not permitted to weigh the evidence, resolve its conflicting inferences, nor draw our own inferences therefrom. The Board's choice between two conflicting views may not be set aside even though the court would justifiably have made a different choice had the matter been before it de novo." 299 F.2d at page 310.

■ The objections of the Union to the election were based on two allegations: (1) A letter dated September 12, 1960, attempting to repudiate the rumor that the plant would close down for examinations, if the Union won, and (2) pre-election conduct of agents of the employer. The respondent claims that unfair labor practices cannot be based on either of these allegations.

We find no merit to this contention. If an election were won by the employer through illegal conduct and in violation of law, the Union was wronged and it had a right to have such an election set aside. Unfair labor practices whether by employer, employee or Union are a matter of public interest. This Court said, in N. L. R. B. v. Thompson, 6 Cir., 130 F.2d 363, 367: "We are, however, obliged to bear in mind that a proceeding under the National Labor Relations Act is not litigation between private parties even though the inquisitorial and corrective powers of the Board may not be invoked without a charge being lodged by individual employees or an employee union. It is a proceeding by a public regulatory body in the public interest. It is neither punitive nor compensatory but preventative and remedial in its nature. (Citations) As we said of orders of the Board in N. L. R. B. v. Colten, [6 Cir.] 105 F.2d 179, 182, 'they are to implement a public social or economic policy not primarily concerned with private rights, and through remedies not only unknown to the common law but often in derogation of it.'"

Peyton Packing Co., 129 N.L.R.B. 1358, cited by counsel for the respondent, is not in point. In this case the Board held that it was not proper to twice litigate the same act of conduct *as a violation of different sections of the Act.*

Enforcement of the Board's order is decreed.