**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**NELSON MANUFACTURING COMPANY, Respondent.**

No. 15226.

United States Court of Appeals Sixth Circuit.

Jan. 6, 1964.

398

---

Wm. J. Avrutis N. L. R. B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., on the brief), for petitioner.

J. M. Nelson, Ottawa, Ohio, for respondent.

Before CECIL, Chief Judge, PHILLIPS, Circuit Judge, and FREEMAN, District Judge.

PER CURIAM.

This is a petition of the National Labor Relations Board for enforcement of its order directing Nelson Manufacturing Company, respondent, to cease and desist from committing certain unfair labor practices, to reinstate one employee and pay him and 9 other employees for any loss of earnings suffered as a result of discrimination against them, to bargain collectively with the International Union, Allied Industrial Workers of America, AFL-CIO, and post the customary notices, pursuant to its finding respondent guilty of violations of Sections 8(a) (1), (3) and (5) of the National Labor Relations Act as amended, 29 U.S.C. § 158 (a) (1), (3) and (5).

As this Court pointed out in N. L. R. B. v. Interurban Gas Corporation, 317 F.2d 724, 725:

"Our review here is limited to the question whether there is substantial evidence on the record as a whole to support the Board's findings and order. Title 29 U.S.C.A. § 160(e); Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. Likewise,

' "It is well settled that the credibility of witnesses and the reasonable inferences to be drawn from the evidence are matters for determination by the Trial Examiner and the Board." N. L. R. B. v. Bendix Corp., 299 F.2d 308, 310, C.A. 6, cert. denied [371 U.S. 827] 83 S.Ct. 47 [9 L.Ed.2d 65]. Where credibility accorded witnesses by the trial examiner is such as would justify conflicting inferences with reference to a discharge, "we are not permitted to weigh the evidence, resolve its conflicting inferences, nor draw our own inferences therefrom. The Board's choice between two conflicting views may not be set aside even though the court would justifiably have made a different choice had the matter been before it de novo." 299 F.2d at page 310.' N. L. R. B. v. Plaskolite, Inc., 309 F.2d 788, 789, 790 (C.A. 6, 1962).

"See also, N. L. R. B. v. Walton Mfg. Co., 369 U.S. 404, 82 S.Ct. 853, 7 L.Ed.2d 829; N. L. R. B. v. Power Equipment Co., 313 F.2d 438 (C.A. 6, 1963)."

The Board found that respondent had threatened and interrogated employees and engaged in other coercive conduct. There is evidence in the record that the employees were interrogated; that five employees were told that they were going to be laid off for supporting the Union, and all employees were told that the five would be laid off unless it was agreed to "hold off with the national union." The employees were told that all production would close down if they

brought in a national union, and it was suggested in the alternative that they form a shop committee to represent them. The employees were polled on their willingness to defer joining the Union until the President, Jack Nelson, had a chance to talk to them. There is, therefore, substantial evidence to support the Boards' finding that respondent violated Section 8(a) (1) of the Act. United Fireworks Mfg. Co. v. N. L. R. B. (C.A. 6), 252 F.2d 428, 430; N. L. R. B. v. Ford (C.A. 6), 170 F.2d 735, 738; N. L. R. B. v. Plaskolite, Inc. (C.A. 6), 309 F.2d 788, 789.

■ Upon review of the evidence pertaining to the charge that respondent acted discriminatively when it discharged James Gerding, suspended Gerald Meyer, laid off a number of employees and temporarily shut down its plant, we conclude that, considering the testimony as a whole and the logical inferences drawn therefrom by the Board, its finding that respondent violated Section 8 (a) (3) of the Act is supported by substantial evidence.

The Union wrote respondent on September 11 asking to negotiate a contract as bargaining representative of respondent's employees in an admittedly appropriate unit. Respondent thereupon ran its own election among its employees on September 13 and learned that a majority favored that organization. Respondent, nevertheless, contends that it was under no duty to recognize and bargain with the Union until certified by the Board. This same argument was made and rejected by this Court in N. L. R. B. v. Piqua Munising Wood Products Co., 109 F.2d 552, at p. 556:

"This position is untenable.

\* \* \* \*

" \* \* \* The employer acts at his peril in refusing to recognize a duly selected bargaining agency of an appropriate unit of his employees unless the facts show that in the exercise of reasonable judgment he lacked knowledge of the appropri-

ateness of the unit or the selection of the majority representative."

Also see N. L. R. B. v. Decker (C.A. 8), 296 F.2d 338, p. 341, where the Court stated:

"It is too late, in light of the declared wisdom found in the National Labor Relations Act, for an employer to drift into an eddy \* \* \* and now make the contention that he has no duty to bargain with a particular Union until it has been certified by the Board, after an election. Under the N. L. R. B., 'An employer is under a duty to bargain as soon as the union representative presents convincing evidence of majority support.' N. L. R. B. v. Dahlstrom Metallic Door Co., 2 Cir., 1940, 112 F.2d 756, 757. 'The Act is clear in intent, and it has been too well established to require extended discussion, that election and certification proceedings are not the only method of determining majority representation \* \* \*.' Matter of L. B. Hartz Stores, 1946, 71 N.L.R.B. 848, 871. See also I. O. B. et al. v. Los Angeles Brewing Co., Inc., et al., 9 Cir., 1950, 183 F.2d 398, 405, and cases there cited."

■ There was also substantial evidence in the record to support the Board's finding that respondent was not motivated by "a good faith doubt of this majority status but rather that Respondent acted in rejection of the collective bargaining principle and in order to gain time within which to undermine the Union's support." Under Section 9(c) (1) of the Act, 29 U.S.C.A. § 159(c) (1), it has been held:

"There is no absolute right vested in an employer to demand an election. Iob v. Los Angeles Brewing Co., 9 Cir., 1950, 183 F.2d 398. If an employer in good faith doubts the union's majority, he may, without violating the Act, refuse to recognize the union until its claim is established by a Board election. A doubt pro-

fessed by an employer as to the union's majority claim must be genuine. Otherwise the employer has a duty to bargain and may not insist upon an election." National Labor Relations Bd. v. Trimfit of California (C.A. 9, 1954), 211 F.2d 206, 209.

We therefore conclude that there was substantial evidence to support the Board's finding that respondent violated Section 8(a) (5) of the Act, 29 U.S.C.A. § 158(a) (5), in refusing to bargain collectively with the Union.

A decree will be entered enforcing the order of the Board.