**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**NELSON MANUFACTURING COMPANY**

and

**Jack M. Nelson, Respondents.**

**No. 15226.**

United States Court of Appeals Sixth Circuit.

Aug. 8, 1966.

Joseph C. Thackery, Atty., Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

J. M. Nelson, in pro. per.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

The petition of the Board asks for an adjudication that the respondent corporation and its officers, agents and representatives, including its president, Jack M. Nelson, are in civil contempt of decrees entered by this court under date of January 29, 1964, and June 23, 1965.

In a per curiam opinion reported in 6 Cir., 326 F.2d 397, this court enforced the Board's order set forth in 138 N.L. R.B. 883. Among other things the respondent employer was directed to reimburse ten named employees, including Norman Schroeder, for losses of earnings suffered as a result of discrimination against them.

By its decree entered June 23, 1965, this court enforced a supplemental order of the Board dated October 12, 1964, fixing the amounts of back pay due these discriminatees, including $109.27 in favor of Schroeder.

On October 28, 1965, the Board instituted civil contempt proceedings against the corporation and its president, charging failure and refusal to pay the back pay awards. Thereafter satisfactory evidence was submitted showing that respondents had made the back pay awards and otherwise have complied with the provisions of the two orders of this court. On January 25, 1966, this court entered an order holding in abeyance the Board's petition for civil contempt, without prejudice to the right of the Board to file a supplemental petition in event the respondents should fail to continue to comply in good faith with the orders of enforcement.

By supplemental petition the Board charges that increases averaging from 20 to 25 cents an hour were granted by respondents to all employees in November 1965; that employee Schroeder was granted a wage increase from $2.20 to $2.50 per hour at that time; but that on December 13, 1965, Schroeder was handed a letter from respondent Jack M. Nelson stating that the company had been "in error" in fixing Schroeder's rate at $2.50 and that his rate would be reduced to $2.35 per hour.

The Board contends that this reduction of fifteen cents per hour was in reprisal against Schroeder because he had accepted his back pay award. Respondents contend that the wage increases were based upon a merit rating system under which all evaluations of efficiency were made by employees; that Schroeder's wage rate of $2.35 is in accord with his rating as established by his fellow employees; and that the reduction from $2.50 to $2.35 per hour was not made for purposes of reprisal and was not discriminatory.

The two orders of this court contained no provisions with respect to future wage increases. In addition to having been paid his back pay award as directed by the Board and enforced by this court, Schroeder is now receiving $2.35 per hour as compared to his wage rate of $2.20 at the time of the entry of our orders of enforcement.

It appears that respondents have complied, albeit reluctantly, with all the provisions of the enforcement orders. In its present posture, this case presents matters which arose after the entry of the enforcement orders, and after compliance therewith by respondents. Even if the conduct of respondents in reducing the wages of Schroeder was an unfair labor practice, it was not contemptuous of the orders of this court.

The supplemental petition for adjudication in civil contempt will be dismissed.