## NATIONAL LABOR RELATIONS BOARD v. RIDGE TOOL CO.

### No. 9938.

Circuit Court of Appeals, Sixth Circuit.

Nov. 26, 1945.

D. Manoli, of Washington, D. C. (Alvin J. Rockwell, Malcolm F. Halliday, Owsley Vose, and Emily Cronheim, all of Washington, D. C., on the brief), for petitioner.

R. F. Vandemark, of Elyria, Ohio (R. F. Vandemark and Vandemark & Vandemark, all of Elyria, Ohio, on the brief), for respondent.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

This case is here upon the petition of National Labor Relations Board for the enforcement of an order against respondent, The Ridge Tool Company, pursuant to Sec. 10(e) of the National Labor Relations Act, 29 U.S.C.A. § 160(e). The order sought to be enforced requires respondent to cease and desist from unfair labor practices, and to offer reinstatement with back pay to employees, Kayden and Banks. The order is based upon findings that respondent violated Sec. 8(1) and (3) of the Act, 29 U.S.C.A. § 158(1, 3), by surveillance of a union meeting, by encouraging and assisting a grievance committee opposed to the Union (International Association of Machinists, A. F. of L.), by threatening economic reprisals, by interrogating employees as to their Union activities, by sending a coercive letter to its employees, and by discharging Kayden and Banks because of their membership in and activity on behalf of the Union.

Respondent's contention, both before the Intermediate Examiner and the Board, was, that Banks and Kayden were discharged for the violation of a rule prohibiting union activities during working hours. The evidence to support respondent's contention is found largely in the testimony of Oscar Swanson, its superintendent, and Gerald Nau, its personnel manager.

The evidence relied upon by the Board to support its findings was chiefly that of Kayden and Banks, but, viewed in the light of matters brought to the attention of the court by a motion filed here by the Board on July 27, 1945, the case cuts deeper than the question, whether the evidence supports the findings and order of the Board. The motion is, that we "strike from the Board's petition for enforcement all reference to Maurice Banks, or, in the alternative, if this court should deem it necessary, that the cause be remanded to the Board for further proceedings." This motion is based upon an ex parte affidavit of Banks which was brought to the at-

tention of the Board after its order had been filed. We do not set forth this affidavit in full. The substance of it is, that for the purpose of keeping the Union out of respondent's plant and of getting "something on Kayden, as he was the main agitator," he, Banks, for a money consideration, paid by respondent ostensibly as wages, entered into a scheme with Nau and Swanson whereby Kayden would be inveigled into a violation of the rules against engaging in union activities during working hours and, upon a signal given by Banks to Nau, Kayden would be detected in such activities and be discharged therefor; that the scheme succeeded and Kayden was discharged by Swanson and Banks, himself, was also ostensibly discharged. The affidavit went further and stated that Ingwer, president of respondent, was cognizant of the scheme for at least two days before Banks was called before the Examiner as a witness on behalf of the Board.

The substance of the motion under consideration is, that we deny enforcement of the Board's order in so far as it affects the reinstatement of Banks and back payment of wages to him, upon the ground that as shown by his affidavit he was not discriminatorily discharged; or, in the alternative, that the cause be remanded to the Board for further proceedings.

We do not accede to the first proposition because the affidavit is not a part of the transcript of the record which we are authorized to review. National Labor Relations Act, Title 29 U.S.C.A. § 160(e). But the situation preeminently calls for action upon the alternative prayer of the motion. If the affidavit is true, the testimony of Banks before the Examiner was enveloped in and beclouded with collusive fraud, and Banks as a witness deliberately withheld material evidence, which was as harmful in its effect as if he had directly committed perjury. It is certainly material to just and proper findings of the Board that it be advised by full and complete evidence as to the real circumstances under which Kayden was discharged, and the authority to determine the facts is conferred upon the Board and not upon us.

It is urged in argument that even though we remand the case to the Board for the purpose of taking new evidence and making new or modified findings as to the reason for the discharge of Kayden, we should enforce the order of the Board in all other respects because there is substantial evidence to support the findings upon which the order was based. We cannot agree.

Ingwer, Swanson and Nau were material witnesses before the Examiner on behalf of respondent upon one or more of the issues, of surveillance, assisting the grievance committee, threatening economic reprisals, and sending a coercive letter, as well as upon the issue whether Kayden was improperly discharged. The Banks affidavit carries a serious reflection upon the conduct of these witnesses with reference to the Kayden matter. It challenges the moral integrity of these witnesses and even goes to the extent of reflecting upon the professional conduct of respondent's counsel.

These are matters which not only deserve, but demand, full consideration by the Board in making its findings, for to the Board alone is committed the power of determining what weight and credibility is to be given to the witnesses on either side of the controversy. This function carries with it the right of examination and cross-examination of witnesses and all other rights and powers incident to the ascertainment of truth. The weight to be given to the testimony of Banks, as well as to that of Ingwer, Swanson, Nau and all other witnesses, and the extent to which they should be believed or disbelieved, is a matter for the sole consideration of the Board, and their testimony necessarily colors and affects every issue.

We think that in all fairness and upon clear principles of administrative procedure, the decision and order of the Board promulgated on October 18, 1944, should be set aside in its entirety and it is so ordered. The Board is directed to take additional and such new evidence as may be necessary to ascertain the facts upon all the issues, and make new findings and a new decision and order upon a reconsideration of the entire case. Ford Motor Co. v. National Labor Board, 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221.

An order will be entered in accordance herewith.