**OLD KING COLE, Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 13183.

United States Court of Appeals Sixth Circuit.

Jan. 7, 1958.

Robert M. Rybold, of Day, Cope, Ketterer, Raley & Wright, Canton, Ohio, on briefs, for petitioner.

Myron S. Waks, Washington, D. C., Jerome D. Fenton, Stephen Leonard, Marcel Mallet-Prevost, and Frederick U. Reel, Washington, D. C., on briefs, for respondent.

Before STEWART, Circuit Judge, and BOYD and LEVIN, District Judges.

PER CURIAM.

This case involves a petition to review and set aside an order of the National Labor Relations Board, together with the Board's answer requesting enforcement of its order.

Substantially adopting the findings, conclusions, and recommendations of its Trial Examiner, the Board found that the petitioner had violated Section 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C.A. § 158(a)(1, 3), by discharging four of its employees to discourage membership in a labor organization and had violated Section 8(a)(1) of the Act by offering economic benefits to its employees to induce them to refrain from seeking representation by a labor organization and by openly polling its employees as to their union sympathies. 1957, 117 N.L.R.B. 297.

The petitioner insists that the four employees were discharged not because of union activity as such, but because their activities, conducted on company premises and company time, had a disruptive effect upon the production and efficiency of its business. See N. L. R. B. v. Edinburg Citrus Ass'n, 5 Cir., 1945, 147 F.2d 353; Caterpillar Tractor Co. v. N. L. R. B., 7 Cir., 1956, 230 F.2d 357; N. L. R. B. v. Milwaukee Elec. Tool Corp., 7 Cir., 1956, 237 F.2d 75. It insists further that under the circumstances disclosed by the record, including the past history of its employee relations, the offer of economic benefits and poll of employees

did not constitute an unfair labor practice. See N. L. R. B. v. Protein Blenders, 8 Cir., 1954, 215 F.2d 749; N. L. R. B. v. Roberts Brothers, 9 Cir., 1955, 225 F.2d 58.

As is so frequently true in this type of case, the evidence upon the question of motivation was conflicting, and the record considered as a whole is reasonably susceptible to the inference that the petitioner's conduct was not intended or effective to discourage union activities, as well as to the contrary inference that it was. When that is the case the choice the Board has made is not to be set aside by us, even though we might have chosen the contrary inference. Universal Camera Corp. v. N. L. R. B., 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

Accordingly, the Board's order must be enforced, and it is so ordered.