**UNITED FIREWORKS MFG. CO., Inc.,**
**Petitioner,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

**No. 13343.**

United States Court of Appeals
Sixth Circuit.

March 5, 1958.

Lloyd H. O'Hara, Dayton, Ohio (Curtner, Brenton & O'Hara, Dayton, Ohio, Frederick W. Howell, Dayton, Ohio, on the brief), for petitioner.

Robert E. Manuel, Washington, D. C. (Jerome D. Fenton, Gen. Counsel, Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevot, Asst. Gen. Counsel, Frederick U. Reel, Attys., Washington, D. C., on the brief), for respondent.

Before MARTIN, MILLER and STEWART, Circuit Judges.

SHACKELFORD MILLER, JR., Circuit Judge.

This case is before the Court upon the petition of United Fireworks Mfg. Co., Inc., to review and set aside an order of the National Labor Relations Board issued against it pursuant to Section 10(c) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq. Sections 160(c) and (f), Title 29, U.S.C.A. The Board in its answer to the petition requested enforcement of its order. Section 160(e), Title 29, U.S. C.A.

In the proceedings before the Board, the Board found that the petitioner had violated Section 8(a) (1) of the Act by interfering with, restraining or coercing its employees in the exercise of their right to form or join a labor organization, guaranteed by Section 7 of the Act, and had violated Section 8(a) (3) of the Act in discharging seven employees for union activity. Sections 158(a) (1) and 158(a) (3), Title 29, U.S.C.A. An appropriate cease and desist order was entered, which also directed that the petitioner make whole the seven discharged employees for any loss of pay they may have suffered.

Like most of the cases of this kind coming before us for review, the evidence is conflicting. It is settled law that the credibility of the witnesses and the reasonable inferences to be drawn from the evidence are matters for determination by the board. N. L. R. B. v. Ridge Tool Co., 6 Cir., 151 F.2d 947, 948; N. L. R. B. v. Wiltse, 6 Cir., 188 F.2d 917, 925, certiorari denied Ann Arbor Press v. N. L. R. B., 342 U.S. 859, 72 S.Ct. 87, 96 L.Ed. 647. The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole are conclusive. Sections 160(e) and (f), Title 29, U.S.C.A.

This Court held in Atlas Underwear Co. v. N. L. R. B., 6 Cir., 116 F.2d 1020, 1023, that statements on the part of management to employees that it might be necessary to close the plant, made during a period when unionization of its employees was sought to be effected, must be regarded as coercive, notwithstanding sincere belief that such result would follow. See also: N. L. R. B. v. West Coast Casket Co., Inc., 9 Cir., 205 F.2d 902, 904–905; N. L. R. B. v. Franks Bros. Co., 1 Cir., 137 F.2d 989, 992, affirmed, 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 435; Precision Fabricators, Inc., v. N. L. R. B., 2 Cir., 204 F.2d 567, 569. Interrogation of employees about membership in the union may or may not amount to coercion, depending upon the manner in which it is done and the surrounding circumstances. N. L. R. B. v. Ford, 6 Cir., 170 F.2d 735, 738; N. L. R. B. v. F. H. McGraw & Co., 6 Cir., 206 F.2d 635, 640. See: N. L. R. B. v. Superior Co., Inc., 6 Cir., 199 F.2d 39, 43. This Court held in N. L. R. B. v. Eaton Mfg. Co., 6 Cir., 175 F.2d 292, 298, that spying on union membership and prying into union affairs constitutes a violation of the Act.

It is unnecessary to review here the evidence which pertains to such activities on the part of the petitioner, and which is summarized in the Intermediate Report of the Trial Examiner. Fully recognizing the possible construction favorable to the petitioner which might be given to the evidence, we are of the opinion, in view of the well settled rules above referred to, that upon the record considered as a whole there is substantial evidence to support the findings of the Board that the petitioner violated Section 8(a) (1) of the Act by interfering with and coercing its employees in the exercise of their right to form or join a labor organization. That finding is accordingly sustained.

We are also of the opinion that the findings of the Board that the discharges of employees Raney Webb, Marvin Banks, Omeda Banks and Lottie Daniels were on account of their union activities, are supported by substantial evidence on the record considered as a whole. N. L. R. B. v. Ford, supra, 6 Cir., 170 F.2d 735, 738–739. See: N. L. R. B. v. Superior Co., Inc., supra, 6 Cir., 199 F.2d 39, 42. Those findings are also sustained.

With respect to the discharged employee Rhoda Webb, the Trial Examiner found that she was discharged for union activities. The Board approved this finding. We are of the opinion, however, that by reason of the open and continued violation of the Company's rules, and her disregard of warnings not to do so, particularly the rule against leaving her machine while it was running for the purpose of visiting and talking with other employees and assisting them in their work, which was also contrary to a Company rule, and which on several occasions resulted in breakdowns on her machine, her discharge was justified as a matter of disciplinary action, and was not made illegal because she was a member of the union.

With respect to the discharged employees, John Balonier and Elizabeth Owens, the Trial Examiner found that the General Counsel had failed to sustain the burden of proving that they were laid off or discharged discriminatorily. The Board declined to adopt these findings and found instead that the discharges were in violation of Section 8(a) (3) of the Act. Under such

circumstances the evidence must be examined with greater care than when both the Board and the Trial Examiner are in agreement. Joy Silk Mills, Inc., v. N. L. R. B., 87 U.S.App.D.C. 360, 185 F.2d 732, 742, certiorari denied, 341 U.S. 914, 71 S.Ct. 734, 95 L.Ed. 1350.

We are of the opinion that the findings of the Board with respect to the discharges of Rhoda Webb, John Balonier and Elizabeth Owens are not supported by substantial evidence on the record considered as a whole. They are accordingly rejected. N. L. R. B. v. Mylan-Sparta Co., Inc., 6 Cir., 166 F.2d 485, 490–491; Section 160(e, f), Title 29, U.S.C.A.

We find no prejudicial error in the rulings of the Trial Examiner. Sardis Luggage Co. v. N. L. R. B., 5 Cir., 234 F.2d 190, 192; N. L. R. B. v. W. B. Jones Lumber Co., Inc., 9 Cir., 245 F.2d 388, 392; N. L. R. B. v. Fulton Bag & Cotton Mills, 10 Cir., 180 F.2d 68, 72.

The Board's order is so modified and a decree of enforcement as so modified will be entered.