**OLD KING COLE, Inc., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 13614.

United States Court of Appeals Sixth Circuit.

Nov. 3, 1958.

March 7 that they were supporting the union's organizing campaign.

Robert M. Rybolt, of Day, Cope, Ketterer, Raley & Wright, Canton, Ohio, for petitioner.

Marcel Mallet-Prevost, Assistant General Counsel, N.L.R.B., Washington, D. C., Frederick U. Reel, Washington, D. C., for respondent.

Before SIMONS and MILLER, Circuit Judges, and JONES, District Judge.

## PER CURIAM.

This matter was heard on a motion by the National Labor Relations Board for judgment on the pleadings. The case is here on a petition to review and set aside, vacate and annul an Order of the National Labor Relations Board and to dismiss the Board's complaint against the petitioner.

The Board's Order sought to be reviewed was to require the petitioner to cease and desist from refusing to bargain collectively with the certified bargaining representatives of its employees.

After determination by the Labor Board that the discharge of four of the petitioner's employees whose challenged votes were determinative of the representation election held in June, 1956, was an unfair labor practice and that said discharged employees' votes must be counted, the Union, on March 7, 1957, was certified by the Board as the bargaining agent of the petitioner's employees.

In April, 1957, the Company refused to bargain with the Union because: (1) a petition to review the determination by the Labor Board of the employees' status was pending in this Court; and (2) such a change in the bargaining unit had taken place since the election as to raise a question whether the Union was the representative of the employees. On December 14, 1957, a cease and desist order was entered by the Board.

■■ The second point is disposed of by the decision of the Supreme Court in Brooks v. N. L. R. B., 1954, 348 U.S. 96, 75 S.Ct. 176, 99 L.Ed. 125, that a representation election may not be held within one year of certification by the Board. See also N. L. R. B. v. Tennessee Coach Co., 6 Cir., 1956, 237 F.2d 907.

532

As to the first point, since this Court on January 7, 1958, in Old King Cole, Inc., v. N. L. R. B., 250 F.2d 791, found that the four employees were wrongfully discharged, the refusal to bargain in April, 1957, automatically became based upon an erroneous view of the law. That good faith is not available as a defense to a charge of refusal to bargain where the refusal is based upon an erroneous view of the law is supported by the decision in Taylor Forge & Pipe Works v. N. L. R. B., 7 Cir., 1956, 234 F.2d 227.

This last is, in the circumstances of this case, merely another way of stating that the filing of a petition for review of an order of the Labor Board does not operate as a stay of the Board's order, which is consistent with Section 10(g) of the National Labor Relations Act, 29 U.S.C.A. Section 160(g).

The motion for judgment on the pleadings is therefore granted, and it is ordered that the cease and desist order of December 14, 1957, be and it hereby is enforced. It follows from the foregoing that the petition to review the Order of the Labor Board should and will be dismissed.