**BURKE GOLF EQUIPMENT CORP.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD,** Respondent.

No. 14222.

United States Court of Appeals
Sixth Circuit.

Dec. 28, 1960.

Charles F. Wood, Louisville, Ky. (Bernard H. Barnett of Greenebaum, Barnett, Wood & Doll, Louisville, Ky., on the brief), for petitioner.

Melvin J. Welles, Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, Abraham A. Dash, Attys., N. L. R. B., Washington, D. C., on the brief), for respondent.

Before SIMONS, Senior Circuit Judge, CECIL and WEICK, Circuit Judges.

PER CURIAM.

This case is before the Court upon petition of the employer to review and set aside an order of the National Labor Relations Board against it which was issued pursuant to Section 10(c) of the National Labor Relations Act, as amended. 29 U.S.C.A. § 151 et seq. In its answer to

the petition, the Board requested enforcement of its order.

The complaint issued by the Board charged that the employer had violated Section 8(a) (1) and (3) of the Act in that it (1) caused a poll of its employees to be taken to determine if they desired the Union (2) interrogated, threatened and promised benefits to its employees to interfere with their rights under the Act (3) discriminatively discharged Geraldine Edwards and (4) laid off Grace Dupler for about two months in order to induce employees to abandon their right to union representation.

The Trial Examiner, after hearing the evidence found in favor of the employer on all of the charges in the complaint. On exceptions filed by the General Counsel to the Intermediate Report of the Trial Examiner, the Board reversed the Trial Examiner in all of his conclusions except those with respect to the poll. The Board, contrary to the Trial Examiner, found that the employer had violated Section 8(a) (1) of the Act by interrogating its employees and by laying off employee Grace Dupler in order to satisfy its employees' grievances; that the employer discriminately discharged employee Geraldine Edwards and thereby violated Section 8(a) (3) and (1) of the Act. In reversing the Trial Examiner the Board said that it was "in part because we believe that the Trial Examiner arrived at his conclusions without full consideration and analysis of all the pertinent evidence in the record."

 Where the Board and the Trial Examiner are not in agreement, the evidence must be examined with greater care by the Court. United Fireworks Manufacturing Co., Inc. v. N. L. R. B., 6 Cir., 1958, 252 F.2d 428.

The record discloses no history of antipathy on the part of the employer toward labor unions. On the contrary, the relationship had been good. The employer's president Schaffner also maintained a friendly relationship with his employees by frequently visiting and talking to them in the shop. The employees called him by his first name "Bill." The employer had a right to talk to his employees so long as he did not threaten, intimidate or coerce them with respect to their union activity. There was no substantial evidence that the employer by interrogating its employees threatened, coerced or intimidated them or violated Section 8(a) (1) of the Act in any respect.

The discharge of Geraldine Edwards was for good cause. It was shown to have resulted from conduct on her part other than for union activity. The layoff of Grace Dupler was occasioned by reason of complaints of other employees. There is no credible evidence that the employer, in satisfying legitimate grievances of his employees, did so with the ulterior purpose of inducing them to abandon their right to union representation. Nor may any such inference be properly drawn from the evidence in the record.

The order of the Board was not supported by substantial evidence and is set aside.