**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The BENDIX CORPORATION (RESEARCH LABORATORIES DIVISION), Respondent.**

No. 14647.

United States Court of Appeals Sixth Circuit.

Feb. 20, 1962.

---

Stephen B. Goldberg, N. L. R. B., Washington, D. C. (Stuart R. Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin Pollack, Stephen B. Goldberg, Attys., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Allen S. Hubbard, Jr., New York City, (Hughes, Hubbard, Blair & Reed, New York City, Jeremy Shamos, New York City, on the brief), for respondent.

Before MILLER, Chief Judge, and McALLISTER and O'SULLIVAN, Circuit Judges.

**SHACKELFORD MILLER, Jr., Chief Judge.**

The National Labor Relations Board seeks enforcement of its order of May 18, 1961, directing the respondent, The Bendix Corporation, Research Laboratories Division, to cease and desist from certain unfair labor practices found by it to exist in violation of Section 8(a) (1) of the Act, 29 U.S.C.A. § 158(a) (1), to reinstate an employee, Harold L. Hunt, found by the Board to have been discriminatorily discharged in violation of Section 8(a) (3) and (1) of the Act, to make him whole for any loss of earnings suffered as a result of such discharge, and to post appropriate notices.

The Trial Examiner found, which the Board adopted, that the interrogation by respondent's Personnel Director of Respondent's employees concerning their union membership and desires, and the implied promises of benefit and threat of reprisal contained therein constituted interference, restraint and coercion of the employees' rights guaranteed by the Act and constituted unfair labor practices within the meaning of Section 8(a) (1) of the Act. This finding is supported by substantial evidence on the record considered as a whole, and is accepted by us. National Labor Relations Board v. Ford, 170 F.2d 735, 738, C.A.6th; United Fireworks Mfg. Co. v. National Labor Relations Board, 252 F.2d 428, C.A.6th; National Labor Relations Board v. Beatrice Foods Co., 183 F.2d 726, 728, C.A. 10th.

The circumstances immediately preceding the discharge of employee Hunt are as follows: Hunt was operating a Xerox Processor, a machine used to produce a "master" of written or printed material from which copies can be made on an offset press. In an operation known as "cascading," a metal "tone" tray is removed from the machine, attached by pivot pins welded to its sides to an extension arm of the machine, and agitated to distribute the tone evenly. While Hunt was "cascading" a tray a pivot pin pulled away from the side of the tray. What occurred immediately thereafter is in dispute under the evidence, except that about five minutes before quitting time that day, Personnel Director Capsalis called Hunt to his office and discharged Hunt for "wilful destruction of company property."

Hunt was one of the four rank-and-file employees in the reproduction unit who signed a union authorization card and who told the Personnel Director that he favored representation by the Union. The Board contends that in view of respondent's hostility to unionization and its knowledge of Hunt's adherence to the Union, it could properly infer that respondent's real reason for discharging Hunt was to discourage its other employees from continuing in their adherence to the Union by making an example of him. National Labor Relations Board v. Link-Belt Co., 311 U.S. 584, 602, 61 S.Ct. 358, 85 L.Ed. 368; National Labor Relations Board v. Ford, supra, 170 F.2d 735, 739, C.A.6th.

On the other hand, respondent's evidence was that Hunt was a careless and inefficient worker, that three pieces of equipment had been previously broken while he was handling them, that he had been cautioned twice about his work habits, and that one of respondent's supervisors had previously suggested that Hunt be discharged. Two witnesses for respondent testified about Hunt's actions and statement at the time when the pivot pin broke, which, if true, fully justified his immediate discharge. Membership in a union does not prevent an employer from discharging an employee for cause. National Labor Relations Board v. Mylan-Sparta Co., 166 F.2d 485, 490–491, C.A.6th; United Fireworks Mfg. Co. v. National Labor Relations Board, supra, 252 F.2d 428, 430, C.A.6th.

However, the Trial Examiner stated that he placed no reliance whatsoever on the credibility of these two witnesses and that "their version of how and what caused the tone tray to break is a complete fabrication." He explained in some detail his reasons for this conclusion. He also expressed his disbelief in the testimony of the Personnel Director and

respondent's Superintendent with respect to the reason for Hunt's discharge, again giving persuasive reasons for this conclusion. He made the following finding, which was adopted by the Board.

"On the entire record including the numerous contradictions in Capsalis' testimony, my disbelief of the testimony of Beksa, Scarmaes, Simo and Capsalis, the peremptory manner in which Hunt was discharged without investigation, my conclusion that Hunt did not abuse the Xerox Processor, Hunt's known adherence to the Union and Respondent's hostility to the Union representation of its reproduction employees, I find and conclude that the broken tone tray was utilized as a pretext by Respondent to rid itself of Hunt to discourage its other employees from continuing in their adherence to the Union. Accordingly, I find and conclude that by its discharge of Hunt, Respondent discriminated in respect to hire and tenure of its employees, thereby discouraging membership in the Union in violation of Section 8 (a) (3) and (1) of the Act."

■ It is well settled that the credibility of witnesses and the reasonable inferences to be drawn from the evidence are matters for determination by the Trial Examiner and the Board. United Fireworks Mfg. Co. v. National Labor Relations Board, supra, 252 F.2d 428, 430, C.A.6th; National Labor Relations Board v. Ridge Tool Co., 151 F.2d 947, 948, C.A.6th.

■■ The evidence in this case, viewed in the light of the credibility accorded by the Trial Examiner to four of respondent's witnesses, is such as would justify conflicting inferences with respect to the reason for Hunt's discharge. Under such circumstances we are not permitted to weigh the evidence, resolve its conflicting inferences, nor draw our own inferences therefrom. The Board's choice between two conflicting views may not be set aside even though the court would justifiably have made a different

choice had the matter been before it de novo. National Labor Relations Board v. Nabors, 196 F.2d 272, 275, C.A.5th; National Labor Relations Board v. Ford, supra, 170 F.2d 735, 739, C.A.6th; Old King Cole v. National Labor Relations Board, 250 F.2d 791, C.A.6th.

Enforcement of the Board's Order is decreed.