**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WAYNE W. WILSON COMPANY, Respondent.**

**No. 14948.**

United States Court of Appeals Sixth Circuit.

Dec. 28, 1962.

Warren M. Davison, N. L. R. B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Warren M. Davison, Leo N. McGuire, Attys., National Labor Relations Board, Washington, D. C., on the brief), for petitioner.

Frederick G. Bahr, Birmingham, Mich. (Martin J. Ewald, Detroit, Mich., on the brief; Frederick G. Bahr, Birmingham, Mich., of counsel), for respondent.

Before CECIL, Chief Judge, and MILLER and SMITH,* Circuit Judges.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of an order directing Respondent Wayne W. Wilson Company to cease and desist from coercion of employees found to be in violation of Section 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), and to reinstate with back pay

---

* U. S. Circuit Judge, Second Circuit, sitting by designation.

1

two employees found to have been discharged in violation of Sections 8(a) (1) and (3), 29 U.S.C. § 158(a) (1) and (3). Respondent claims that the findings are not supported by substantial evidence on the whole record. We disagree and order enforcement.

 Union organization activity began in June 1960, in behalf of Local 247, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Indep. Several employees testified the employer made coercive statements to each of them during the union organization period. For example, there was testimony to the effect that the employer stated that he would sell his trucks and lock out the drivers if the Union were voted in. The employer denied this. The Court cannot weigh the credibility of these witnesses, however, and must accept the Board's resolution of the conflict in testimony. See, e. g. N. L. R. B. v. Bendix Corp., 299 F.2d 308 (6 Cir., 1962); N. L. R. B. v. Cambria Clay Products, 215 F.2d 48 (6 Cir., 1954). Crediting the employee witnesses, it amply appears that the employer was attempting to hinder the organization of the union through coercion of the employees. See, e. g. N. L. R. B. v. Deena Artware, 198 F.2d 645 (6 Cir., 1952); N. L. R. B. v. Ford, 170 F.2d 735 (6 Cir., 1948); Atlas Underwear Co. v. N. L. R. B., 116 F.2d 1020 (6 Cir., 1941).

 Employee Shemansky was laid off on October 24, 1960 and went back to work October 31. Both he and employee Arnold were laid off permanently on March 27, 1961. The Board found that these lay-offs were a result of union activity, and we are unable to say that this was not a permissible determination. The problem here is to infer an employer's motivation from secondary evidence. See N. L. R. B. v. Bird Machine Co., 161 F.2d 589 (1 Cir., 1947). The employer puts forth various reasons why the employees were laid off. None of these, however, occurred at or immediately prior to the lay-offs. The conjunction in time with union activity rather than violation of work rules substantiates the inference that the lay-offs were for union activity rather than the violations. Moreover, the prior finding that the employer opposed the union organization effort by coercing the employees lends support to the conclusion that his motives for discharge of union adherents were impermissible under the law. Finally, we are particularly reluctant to disturb the kind of inference drawn here, based as it must be on the opportunity to observe the witnesses and consider their oral testimony in light of the whole record, an opportunity of the trier of fact alone.

Enforcement granted.