**NATIONAL LABOR RELATIONS BOARD**, Petitioner,

v.

**ANIMATED DISPLAYS COMPANY** and Carpenters' District Council of Detroit, Wayne and Oakland Counties and Vicinity, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, Respondents.

No. 15268.

United States Court of Appeals Sixth Circuit.

Feb. 5, 1964.

Melvin J. Welles, Washington, D. C., Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Atty., N.L.R.B., Washington, D. C., on brief), for petitioner.

Rolland R. O'Hare, Detroit, Mich., Schwartz, O'Hare & Levin, Detroit,

Mich., on brief, Boaz Siegel, Detroit, Mich., of counsel, for respondents.

Before MILLER and O'SULLIVAN, Circuit Judges, and McALLISTER, Senior Circuit Judge.

O'SULLIVAN, Circuit Judge.

National Labor Relations Board asks enforcement of its order finding that an employer, Animated Displays Company, and a union, Carpenters District Council of Detroit, Wayne and Oakland Counties and vicinity, United Brotherhood of Carpenters and Joiners of America, AFL-CIO, herein referred to as the Carpenter's Union, were guilty of violating Section 8 of the National Labor Relations Act (§ 158, U.S.C.A., Title 29) in connection with the lay off of a company employee. The company was found to have violated § 8(a) (3) and (1) of the Act and the Union § 8(b) (2) and (1) (A).[1]

The company had a contract with the Carpenter's Union which designated the latter as the bargaining agent for "all employees performing carpentry work" and required all of such employees to be or become members of the said union. While such contract was in force, one Dewayne C. Johns, a craftsman skilled both as a decorator and a carpenter, was employed by the company. The company was then planning to establish a decorating department and Johns was to be its foreman. Until such could be accomplished, however, Johns was to do carpentry work when no decorating work was available. During the times here involved Johns worked about 75% of the time as a journeyman carpenter.

Johns was a member of Decorators Local 877, a constituent local of the parent Carpenters Union. Decorators Local 877, as well as Carpenters Local 1433, are among about a dozen constituent locals of the parent Carpenters Union. These locals are considered to represent subtrade or subcrafts of car-

pentry work. All of the company's carpenters except Johns were members of Local 1433. Membership in either local, however, met the company-union contract requirement that "all employees performing carpentry work" should be or become members of the parent Carpenters Union.

Prior to going to work for the company, Johns had been in trouble with the respondent Carpenter's Union. He had been fined for working behind a picket line. While working out of town, erecting a display turntable for the company, he had worked with some non-union employees of a customer of the company. A union business agent warned the company not to send Johns out of town again. The company heeded his warning and when next there was out-of-town carpentry work a shop steward, member of Carpenters Local 1433, was sent in place of Johns. There arose times when Johns was kept employed in carpentry work while members of Local 1433 were on lay off. Union representatives asserted that there was a custom of the trade which would not permit Johns, a member of Decorators Local 877, to be kept employed while any member of Carpenters Local 1433 was in a lay off status. At a time when such conditions prevailed union representatives of the parent Carpenters Union insisted that the company lay off Johns and recall to work one of the then laid off members of Carpenter's Local 1433. The union representatives threatened that if the company did not comply, they would have Johns' "union card pulled" and prevent the company from employing him in any capacity. They reminded the company of their previous trouble with Johns. There was then no decorating work for Johns and at the union's demand he was laid off and a member of the Carpenter's Local was hired on in his place.

■ The Board, overruling its trial examiner, found that the reason for

1. The company and the union were also found to have violated § 8(a) (3) and (1) and § 8(a) (2) and (b) (1) by reason of an illegal union security provision in their collective bargaining agreement. Review of such holding is not asked, but its enforcement should be ordered.

Johns lay off was his non-membership in Carpenter's Local 1433. It found as a fact that he was a qualified carpenter and that "nothing in the record supports an inference that Johns was any less a carpenter craftsman than the laid off employee who replaced him, nor that his length of service in the carpenters' unit, wherein he was employed, was any less than the employee who replaced him." On review of the whole record, we are satisfied that such finding was supported by substantial evidence and is therefore controlling. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

▮▮ Being as qualified to do carpentry work as the company's other carpenters, the only circumstance which set Johns apart from them was his membership in the Decorators' Local 877 and his lack of membership in Carpenters' Local 1433. For the company, at the insistence of the union, to lay him off because of such circumstance was, in the Board's view, a discriminatory favoring of the Carpenters' Local over the Decorators' Local. The Board stated, "for such action encourages Johns membership in or adherence to Carpenters' Local and discourages his membership in the Decorators' Local." Johns' membership in Decorators' Local 877, a subcraft local of the parent Carpenters Union, permitted him to work as a carpenter without creating any violation of the union security agreement between the company and the union. Discharge of an employee for non-membership in a union entitled to require such membership under a valid union security control is permissible but "no other dscrimination aimed at encouraging employees to join, retain membership, or stay in good standing in a union is condoned." Radio Officers' Union v. N. L. R. B., 347 U.S. 17, 41, 42, 74 S.Ct. 323, 336, 98 L.Ed. 455, 478. The Act involved forbade the parent Carpenter's Union from forcing the company to take action to favor the Carpenters' Local over the Decorators Local. N. L. R. B. v. Richards, 265 F.2d 855, 861 (CA 3, 1959).

▮ The Board's inference that the motivation for the parent Carpenter Union's pressure for the lay off of Johns was to favor the Carpenters' Local 1433 over the Decorators' Local 766 was within its province if supported by substantial evidence on the whole record. N. L. R. B. v. Bendix Corp., 299 F.2d 308, 310 (CA 6, 1962). We cannot say that its finding in such regard was not so supported.

Enforcement of the Board's order is granted.