**WONDER STATE MANUFACTURING COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 15390.

United States Court of Appeals Sixth Circuit.

April 2, 1964.

V. Lee McMahon, St. Louis, Mo., for petitioner. McMahon & Zempel, St. Louis, Mo., of counsel.

Jules H. Gordon, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore, Atty., N. L. R. B., Washington, D. C., on the brief), for respondent.

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Circuit Judge.

This case is before the Court upon the petition of Wonder State Manufacturing Company (hereinafter the Company) to review and set aside a portion of an order of the National Labor Relations Board. The Board has filed a cross petition for enforcement. The decision and order of the Board are reported at 141 N.L.R.B. No. 111, p. 1217.

The Company is an Arkansas corporation engaged in the manufacturing of cotton gin equipment and supplies. It also does business in Tennessee and Kentucky.

The Board found that the Company violated § 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), by interrogating employees concerning their union activity, by threatening employees with loss of work and with closing the plant in the event of union organization, and by leading employees to believe that the Company had their union activities under surveillance. The Board also found that the Company violated § 8(a) (3), 29 U.S.C. § 158(a) (3), by discriminatorily discharging employees Felty and Straub. The Board issued a cease and desist order and required the Company to offer reinstatement to Felty and Straub with back pay plus interest.

738

The Company here contests only that portion of the Board's decision dealing with the discharge of Straub and seeks to set aside that part of the order requiring reinstatement of this employee with back pay plus interest.

Employees Felty and Straub worked together in the Company's shipping department. Felty was the primary instigator of the union movement and the Company had knowledge of his activities. Felty held a union meeting at his house and Straub was among the employees who attended. Two days later both Felty and Straub were discharged, the asserted reason being the continued carelessness of the two employees in allowing some shipments to be sent out minus certain parts.

Apparently some incomplete shipments had gone out, but there was conflicting evidence as to whether Felty and Straub were responsible for these mistakes. The Board found that the alleged negligence was a pretext on the part of the Company and that Felty was discharged because of his union activities, a holding which is not challenged in this Court. As for Straub the Board found that his union activities were minimal but concluded that since Straub and Felty were so closely associated in their work in the shipping department, Straub was discharged in order to lend credence to the contention that Felty was being discharged for cause. The Company argues that this theory disregards Straub's carelessness and is based on mere suspicion.

As for Straub's alleged negligence, it goes without saying that the Act is violated if discrimination is the real motive for a discharge, and it is no defense that at the same time there was a justifiable ground for discharge. N. L. R. B. v. Bendix Corp., 299 F.2d 308 (C. A.6), cert. denied, 371 U.S. 827, 83 S.Ct 47, 9 L.Ed.2d 65; N. L. R. B. v. Solo Cup Co., 237 F.2d 521 (C.A.8); N. L. R. B. v. Electric City Dyeing Co., 178 F.2d 980 (C.A.3).

There was no direct testimony to the effect that the Company discharged Straub to lend credence to its discharge of Felty. To reach this conclusion the Board drew an inference from the facts. This Court has held repeatedly that reasonable inferences to be drawn from the evidence are matters for determination by the Board. N. L. R. B. v. Bendix Corp., supra, 299 F.2d at 310; Old King Cole, Inc. v. N. L. R. B., 250 F.2d 791 (C.A.6). We find that there is substantial evidence on the record considered as a whole to support the Board's inference that Straub was discharged for the purpose of attempting to justify the discharge of Felty. N. L. R. B. v. Williams, 195 F.2d 669, 672 (C.A.4), cert. denied, 344 U.S. 834, 73 S.Ct. 42, 97 L.Ed. 649.

The granting of interest on the back pay award is allowed for the reasons set out in our opinion in Philip Carey Mfg. Co. v. N. L. R. B., 331 F.2d 720 (C. A.6).

The petition to set aside a portion of the Board's order is denied, and enforcement of the order is granted