**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**STORY OLDSMOBILE, INC.,**
Respondent.

No. 16205.

United States Court of Appeals
Sixth Circuit.

Jan. 14, 1966.

---

spondent, reported at 140 N.L.R.B. 1049 and 145 N.L.R.B. 1647.

In its first decision the Board concluded, in agreement with the trial examiner, that respondent violated Sections 8 (a) (3) and (1) of the Act, 29 U.S.C. §§ 158(a) (3) and (1), by discharging Robert E. Ball because of his union activities and also violated Section 8(a) (1), 29 U.S.C. § 158(a) (1) by coercively interrogating an employee about his attitude toward the union. The usual cease and desist order was entered, and respondent was directed to reinstate Ball with back pay and post the customary notices.

In its supplemental decision and order the Board determined that as a result of his illegal discharge Ball lost $5,317.92 in wages from the time of his discharge to June 30, 1963, and directed payment of this amount.

Respondent contends that the Board failed to consider the testimony of the vice president of the union on cross examination which was favorable to respondent, including his statement that respondent's president had no animosity whatsoever against the union; and also failed to consider testimony that Ball was discharged for valid economic reasons.

It is well settled that the weighing of the evidence is a function of the Board, N.L.R.B. v. Precision Castings Co., 130 F.2d 639 (C.A. 6). This court in reviewing the decision of the Board "is not empowered to weigh one bit of evidence against another with a view of determining which it will accept as true or to substitute its judgment for that of the Board in determining what ultimate facts are established by the circumstances in evidence." Eastern Coal Corp. v. N.L. R.B., 176 F.2d 131, 135 (C.A. 4). The findings of the Board with respect to questions of fact are conclusive if supported by substantial evidence on the record considered as a whole. 29 U.S.C. § 160(e); N.L.R.B. v. Tru-Line Metal Products Co., 324 F.2d 614 (C.A. 6), cert. denied, 377 U.S. 906, 84 S.Ct. 1167, 12 L.Ed.2d 177. We hold that the findings

Paul J. Spielberg, Atty., N.L.R.B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Stephen B. Goldberg, Atty., N.L.R.B., Washington, D. C., on the brief), for petitioner.

Richard B. Foster, Lansing, Mich. (Foster, Campbell, Lindemer & McGurrin, Lansing, Mich., by Edmund E. Shepherd, Lansing, Mich., of counsel, on the brief), for respondent.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

The Board has petitioned for enforcement of two orders issued against re-

of fact by the Board in the present case are so supported. Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

Enforcement of both orders is granted.