**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**TOM JOHNSON, INC., Respondent.**

No. 21027.

United States Court of Appeals
Ninth Circuit.

May 17, 1967.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Warren M. Davison, Harold B. Shore, Attys., NLRB, Washington, D. C., Roy O. Hoffman, Director, NLRB, San Francisco, Cal., for appellant.

Peter I. Breen, Reno, Nev., for appellee.

Before POPE, HAMLEY and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

The National Labor Relations Board petitions for enforcement of its order. Two questions are presented. (1) Whether respondent violated section 8(a) (1) and (5) of the National Labor Relations Act as amended (29 U.S.C. § 158(a) (1) and (5)) by bargaining directly with certain of its employees and by unilaterally changing its employees' conditions of employment without consulting the union at a time when the union was the authorized bargaining representative, and by threatening the employees with loss of overtime employment, and (2) whether the respondent violated section 8(a) (3) and (1) of the Act (29 U.S.C. § 158(a) (3) and (1)) by discharging two employees because they sought union support for their grievances. We conclude that the order must be enforced.

Respondent is a painting contractor and had entered into a collective bargaining agreement with a local union of the Painters' Union which provided, among other things, that double time would be paid for work on weekends and holidays, with certain exceptions. While this agreement was in effect, the company's manager conducted a meeting of

all of the employees. He told them that he had been informed by the owners of a concern with which respondent had a contract, on a cost plus basis, to do certain painting, paper hanging and other work, that the owner would no longer pay respondent double time for overtime work. The manager of respondent told the employees that if they wanted further overtime work they would have to sign an agreement stating that they would work for time and a half instead of double time, and that if they refused to sign, he would hire additional employees and thereby eliminate overtime. He circulated among the employees a statement to be signed by them whereby they agreed to work for time and a half instead of for double time. The Board concluded that this conduct on the part of respondent violated section 8(a) (5), that is, it was a refusal to bargain collectively with the representatives of the employees, and section 8(a) (1), that is, it was an interference with or coercion of employees in the exercise of their collective bargaining rights guaranteed by section 7 (29 U.S.C. § 157).

██ Respondent does not now deny that the events described took place. Its position is that its conduct was at most a breach of the collective bargaining agreement which might subject it to a suit under section 301 of the Labor Management Relations Act, (29 U.S.C. § 185). We think that respondent's position is contrary to the decision of the Supreme Court in NLRB v. C & C Plywood Corp., 1967, 385 U.S. 421, 87 S.Ct. 559, 17 L.Ed.2d 486. The cases are quite similar. There is a factual difference in that in the C & C Plywood Corp. case the employer unilaterally raised wages while a collective bargaining agreement was in effect, while in the present case the employer undertook unilaterally to lower them. This factual difference, however, does not in our opinion have any legal significance. If anything, this is a stronger case than the C & C Plywood Corp. case because here the employer not only attempted unilaterally to change the wage rates pro-

vided for in the agreement, but he also attempted to have the employees, individually, sign agreements with him embodying the change. If what occurred in the C & C Plywood Corp. case is a breach of the obligation to bargain, in violation of section 8(a) (1) and (5), then a fortiori, what happened in this case is such a breach.

The cases of the two discharged employees are slightly different. One of them, Utra, believed that he was entitled to subsistence pay under a contract provision for such pay in cases where an employee was working at a job sufficiently removed from the area where the respondent did business so that he was required to live at the job site. He also claimed that he was not receiving the full hourly rate of pay to which he was entitled. He enlisted the help of the union in connection with this grievance, and was fired.

The other employee, Hoskins, at the meeting we have already described, refused to sign the agreement presented to him and took the matter up with the union. As a result, the business agent visited respondent's manager and told him that the union would insist upon his abiding by the provisions of the collective bargaining agreement. Six days later the manager called another meeting of the employees and informed them that one of them had the union agent on his back and that when he learned the identity of that employee he would fire him, not because he went to the union, but he would find other reasons. The next day Hoskins was fired. The trial examiner found that the two employees were not fired for engaging in protected activities, in violation of sections 8(a) (3) and (1), but that both employees had been fired because of unsatisfactory work. The Board, however, did not accept these findings. Relying upon certain discrepancies and inconsistencies in the testimony of the witnesses whom the trial examiner believed, it concluded that his findings on this point were unsupportable. It made a careful analysis of all of the testimony and concluded that

**344**

the two employees had been fired because they engaged in protected activities.

 In such a case as this, where the Board does not accept the findings of the trial examiner, we have an obligation to examine the evidence and the findings of the Board more critically than we would if the Board and the trial examiner were in agreement. See, for example, United Fireworks Mfg. Co. v. NLRB, 6 Cir., 1958, 252 F.2d 428–431. This we have done. It is also true, however, that in such a case we are still required to sustain the findings of the Board with respect to questions of fact if they are supported by substantial evidence on the record considered as a whole. Section 10(e) (29 U.S.C. § 160 (e)); see Joy Silk Mills, Inc. v. NLRB, 1950, 87 U.S.App.D.C. 360, 185 F.2d 732, 742. Here we are of the opinion that the findings are thus supported and that we therefore cannot set them aside.

The order will be enforced.