**SHEFFER CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 17263.**

United States Court of Appeals
Sixth Circuit.

July 26, 1967.

William H. Anderson, Cincinnati, Ohio (Graydon, Head & Ritchey, Cincinnati, Ohio, on the brief), for petitioner.

William J. Avrutis, Atty., N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Assistant Gen. Counsel, Herman M. Levy, Atty., N. L. R. B., Washington, D. C., on the brief), for respondent.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This case involves a petition to review and a cross-petition to enforce an Order of the National Labor Relations Board requiring Petitioner to cease and desist from 8(a) (1) violations and to rehire four named employees with back pay.

On receiving notice of Union organization from the Union[1] Petitioner discontinued its entire night shift of 27 employees where Union organization had gained strength. Subsequently, nine were rehired for day shift (others were rehired later). The four not rehired had all been named in the Union letter and had more seniority than some others retained or rehired.

Petitioner contends that the night shift was uneconomic and that the Trial Examiner was prejudiced. The Trial Examiner once referred to the Company as having failed to bear the burden of proof on its economy defense. The National Labor Relations Board carefully dealt with this issue, stating:

"* * * We agree with the Respondent that the ultimate burden of proving the allegations of the complaint at all times remained with the General Counsel. However, we find that the statement was merely inadvertent, and that the Trial Examiner thereby simply intended to indicate that the Respondent had the burden of going forward with the evidence in support of its position; not, the ultimate burden of proof had shifted to the Respondent."

It is well settled that the weighing of the evidence is a function of the Board, National Labor Relations Board v. Precision Castings Co., 130 F.2d 639 (C.A. 6).

This Court in reviewing the decision of the Board "is not empowered to weigh one bit of evidence against another with a view of determining which it will accept as true or to substitute its judgment for that of the Board in determining what ultimate facts are established by the circumstances in evidence." Eastern Coal Corp. v. National Labor Relations Board, 176 F.2d 131, 135 (C.A. 4). The findings of the Board with respect to questions of fact are conclusive if supported by substantial evidence on the record considered as a whole. 29 U.S.C., 160(e); National Labor Relations Board v. Tru-Line Metal Products Co., 324 F.2d 614 (C.A. 6), cert. den. 377 U.S. 906, 84 S.Ct. 1167, 12 L.Ed.2d 177. We hold that the findings of fact by the Board in the present case are so supported. Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

Enforcement of the Board's Order is granted.

---

1. District Lodge No. 34 of the International Association of Machinists, AFL-CIO.