## NATIONAL LABOR RELATIONS BOARD v. CORSICANA COTTON MILLS.

No. 12304.

United States Court of Appeals
Fifth Circuit.

Jan. 26, 1950.

Frederick U. Reel, Atty., N. L. R. B., Washington, D. C., David P. Findling, Assoc. Gen. Counsel, N. L. R. B., Washington, D. C., Ruth Weyand, Acting Asst. Gen. Counsel, N. L. R. B., Washington, D. C., for petitioner.

John M. Scott, Fort Worth, for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This proceeding was begun on May 6, 1949, by a petition of the Board for adjudication in contempt of respondent, Corsicana Cotton Mills, for failure to comply with an enforcement order that was entered in this cause on April 1, 1948. The prayer of the petition seeks among other things to require the respondent to purge itself of contempt by resuming bargaining negotiations upon request of the union.

On August 16, 1949, this court rendered an opinion, 178 F.2d 344, holding that the record furnished no basis for a finding that respondent was in contempt of the court's decree and subject to punitive action because of what it had done; and that, if the provisions of its decree had been disregarded, such violation was the result of a mistaken view of what was permitted under the law and not from a purpose to violate this court's decree. Final action was deferred in order to afford the parties further opportunity to bargain. A record of the negotiations was ordered to be kept and reported to the court at its next session at Fort Worth. Pursuant to this order the respondent filed with the court, at its November session at Fort Worth, a statement asserting that it had undertaken in good faith to bargain collectively with the union, and that it had complied with all of the specific directions contained in the previous mandate of the court.

On December 9, 1949, this court rendered an opinion, 178 F.2d 347, which stated that the parties had made considerable progress since its last order, but still were not entirely in agreement on the arbitration and the no-strike clauses, but that the prospects were encouraging for the consummation of an early accord between the parties; and, to that end, final action was deferred until January 10, 1950, at which time the respondent was directed to submit to this

court a report of the status of its negotiations. This case is now before us for final adjudication pursuant to the court's orders of August 16th and December 9th, respectively. We are advised that the parties have reached an agreement on the arbitration clause, and that the respondent has retreated from the other positions previously taken by it, which renders the parties in substantial accord on all matters.

The freedom to negotiate is no less a basic right of an employer than of employees. The National Labor Relations Act, 29 U.S.C.A. § 151 et seq., requires good-faith bargaining, with the purpose of reaching an agreement, but it does not require that any particular form of agreement be reached. The law does not authorize the National Labor Relations Board or the courts to make collective bargaining contracts or to prescribe what shall be written into them. Neither the courts nor the Board may interfere in negotiations as long as they are being carried on in good faith. National Labor Relations Board v. Whittier Mills Company, 5 Cir., 123 F.2d 725.

The proceedings in this case show a patient and painstaking effort on the part of the respondent to reach a satisfactory agreement. The real reason such an agreement was not reached sooner was because the union would not agree to certain things that the respondent in good faith deemed necessary to the agreement, and the respondent would not agree to certain other things that the union in good faith likewise deemed necessary thereto. There is no showing that the respondent ever refused to negotiate when called upon to do so by the union. On the other hand, there is a definite showing that the parties have been in constant negotiation with each other in one way or another. Bargaining has continued by both parties throughout these contempt proceedings despite the differences between them.

In such a situation we may not that the respondent has contumaciously refused to bargain. Various communications from the respondent indicate that it has been bargaining in good faith. Full and ready compliance by it with specific provisions of this court's order also evidences the same good faith. It has agreed that the President of Texas Wesleyan College may be designated as the person empowered to appoint an arbitrator. This concession and various proposals made by the respondent on other matters show an earnest desire on its part to reach an agreement. In these circumstances, we think it would be a grave injustice, and would deal a severe blow to the bargaining relations between the parties, to hold the respondent in contempt. Accordingly, we find the respondent not guilty.

So ordered.