244 F.2d 197
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
E. A. TAORMINA, A. F. Taormina, Mrs. Madeline M. Taormina, Charles Messina, and Frank Culucchia, Co-Partners, d/b/a Taormina Company, Respondents.
 No. 14362.
 United States Court of Appeals Fifth Circuit.
 May 9, 1957.
 
 Ruth V. Reel, Julius G. Serot, Winthrop A. Johns, Attys., N.L.R.B., David P. Findling, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Washington, D. C., for petitioner.
 Scott Toothaker, Orville I. Cox, McAllen, Tex., for respondents.
 Before HOLMES, BORAH and RIVES, Circuit Judges.
 HOLMES, Circuit Judge.
 
 
 1
 The National Labor Relations Board (hereinafter called the board) seeks an adjudication in civil contempt against the respondents for failing to comply with the decree of this court entered on the 5th of November, 1953. The board's decision and order are reported in 94 N.L.R.B. 884. The opinion of this court is reported in 207 F.2d 251. The issue presented is whether the respondents have contumaciously refused to bargain collectively with Citrus Canning Workers and Food Processors Union No. 24,473, A.F.L. as the exclusive representative of all their employees.
 
 
 2
 The board's petition for adjudication in civil contempt was set for a pretrial hearing before Judge Rives, a member of this court, on November the 9th, 1956. Attorneys for both sides were present. Immediately after the conference was concluded, and as a result thereof, Judge Rives wrote that no formal pretrial order was called for but that the following understandings were reached:
 
 
 3
 "(1) Both parties considered that the issues in the civil contempt proceedings would depend mostly on whether the company had insisted on (a) employee participation among the bargaining representatives, or (b) a performance bond or other form of security as a condition to entering into a bargaining agreement. The company stoutly protests its innocence, and asserts its willingness now and in the future to continue the bargaining without insisting on either of these two matters as a prerequisite. The board's counsel stated that he was interested only in compliance and that if an agreement were reached, or the company bargained in good faith and failed to reach an agreement, it would ask to be allowed to withdraw its contempt petition. The company's attorney agreed to notify the union that the company was ready to resume bargaining negotiations. Both sides stated that they hoped that either an agreement would be reached, or that the company would satisfy the board that it was bargaining in good faith.
 
 
 4
 "(2) I told the parties that in normal course this contempt petition would be set for hearing in New Orleans in either January or February. They requested that it not be set in January but be set in February, and that if it appeared that an agreement was imminent the board might request a further delay. At present the understanding would be that the petition be set for hearing in New Orleans in February."
 
 
 5
 Subsequent to the pretrial conference, the parties never reached any satisfactory agreement, and the final issue as to the charge of contempt was submitted to this court without formal objection by anyone, the case having been argued orally by both sides on February 15, 1957. In this matter we are acting as a court of original jurisdiction, and it is well settled that the law requires the parties to bargain in good faith with the purpose of reaching an agreement, but it does not require that any particular agreement be reached; it does not authorize the board or the courts to make collective bargaining contracts for the parties; and neither the courts nor the board may interfere in negotiations between employer and employee so long as they are being carried on in good faith. The freedom to negotiate is no less a basic right of an employer than an employee. National Labor Relations Board v. Whittier Mills Company, 5 Cir., 123 F.2d 725.
 
 
 6
 The National Labor Relations Act, 29 U.S.C.A. § 151 et seq., does not compel agreement between employers and employees; and does not coerce, compel, or constrain to any agreement whatever, parties who are bargaining in good faith. National Labor Relations Board v. Norfolk Shipbuilding & Dry Dock Corporation, 4 Cir., 195 F.2d 632.
 
 
 7
 This case is a close one on the facts; but, under existing law, the pleadings, affidavits, and record in the case, we are not justified in finding the respondents guilty of contempt. Accordingly, we find them not guilty. Cf. National Labor Relations Board v. Corsicana Cotton Mills, 5 Cir., 179 F.2d 234.
 
 
 8
 So ordered.