## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## VACUUM PLATERS, INC., Respondent.

No. 15820.

United States Court of Appeals
Seventh Circuit.

Feb. 17, 1967.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Thomas R. Beech, Atty., N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Elliott Moore, Atty., N. L. R. B., for petitioner.

John H. Wessel, Milwaukee, Wis., for respondent.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

The Board found that respondent had committed unfair labor practices by interfering with employees' section 7 organizational rights under the National Labor Relations Act [1] by interrogation, threats and surveillance in violation of

Schnackenberg, Circuit Judge, dissented in part.

---

1. 61 Stat. 136 (1947), as amended, 29 U.S.C. § 141 et seq. (1964).

8(a) (1) of the Act. The Board also found that respondent discriminatorily laid off employees Greene, Fox and Vanderhoof, constructively fired Greene for filing charges against the company and failed to rehire employees Greene, Vanderhoof, Fox and Dykman in violation of section 8(a) (4), (3) and (1).

The Board ordered, so far as relevant here, respondent, its officers, etc., to cease and desist from the unlawful activities, to offer employees Dykman and Greene "immediate and full" reinstatement to their former or equivalent positions without loss of seniority and to make them and Vanderhoof and Fox "whole" for any loss of pay due to respondent's discrimination.

We find it unnecessary, in considering the section 8(a) (1) issue, to pass on the question whether there is substantial evidence in the record as a whole to support findings that employees Vanetta and Stoughtenger are "supervisors," or that Vice President and Director Steiner acted as respondent's "agent" in relation to employee Greene. The record justifies the Board's conclusion of the section 8(a) (1) violation upon the basis of the conduct of President and General Manager Gabower alone.

We hold that the record as a whole supports the Board's findings that the layoffs of Greene, Vanderhoof and Fox on June 16, 1964, were not for economic reasons but for their union activities, and that the failure to reemploy them and Dykman was because of their "organizing activities" or alternatively because they filed charges against the company. These findings support the conclusion of violation of section 8(a) (4), (3) and (1) of the Act.

We also hold that the record as a whole supports the Board's finding that employee Greene's "quitting" employment with respondent was due to Gabower's discriminatory conduct toward her. The Board was not required to find on this record that her reason for "quitting" was her part-time employment with another employer a few days before she quit. The conclusion of constructive discharge, in violation of section 8(a) (4), (3) and (1), was justified.

The court orders enforcement of the order.

I concur in the foregoing opinion with this exception:

I dissent as to employee Dykman.

SCHNACKENBERG, Circuit Judge.