NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

CERTAIN-TEED PRODUCTS CORPO-
RATION, Respondent.

No. 24656.

United States Court of Appeals
Fifth Circuit.

Jan. 12, 1968.

Rehearing Denied April 2, 1968.

Marcel Mallet-Prevost, Asst. Gen. Counsel, George B. Driesen, Atty., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcus W. Sisk, Atty., N.L.R.B., Washington, D. C., for petitioner.

George B. Smith, Frank A. Constangy, Constangy & Prowell, Atlanta, Ga., for respondent.

Before BROWN, Chief Judge, and FAHY* and DYER, Circuit Judges.

DYER, Circuit Judge:

The National Labor Relations Board here seeks enforcement of its order[1]

finding respondent Certain-Teed Products Corp. in violation of section 8(a) (5) and (1) of the National Labor Relations Act[2] for its refusal to bargain in good faith with its certified union. The Board's finding is based on the company's conduct during a limited period of a long series of negotiations between the company and the union. The union was certified on July 2, 1964, and negotiations began in September, 1964. At that time the parties agreed that discussion of economic issues would be postponed until all other issues were resolved. Although the services of a mediator were utilized no agreement was reached, and in January, 1965 the mediator suggested that the company and the union were in deadlock and that further meetings not be held until a change in position occurred. On June 1, 1965, the union wrote the company requesting that negotiations be resumed. A meeting was arranged for June 25.

None of the above conduct was found to constitute bad faith bargaining. Just prior to the June 25 meeting it became generally known that a decertification move had started among the employees. At that meeting the union yielded on the issues which had caused the deadlock and pressed for the company's position on wages. At the meeting on June 26 the union made a package proposal. The company negotiators refused to state their position on wages, claiming that they had to consult with the home office in Pennsylvania. However, it is undisputed that these negotiators had full power to reach a contract. It had been agreed that the meeting would recess around noon, and when the company negotiators left to attempt to contact the home office they failed to return, but sent word suggesting the meeting adjourn. No new meeting date was then set. The union wrote the company proposing a session in July 1, but received a reply to the effect that no meeting

1. 161 N.L.R.B. No. 11.

2. 29 U.S.C.A. § 158(a) (1), (5).

would be possible before July 3 and that the company would contact the union. On July 6 the company notified the union that it had a good faith doubt as to whether the union represented a majority of the employees, and that it would, therefore, no longer bargain with the union. On July 8 the company announced that the general and merit wage increases discontinued when the union came in, would be resumed immediately.

The Board found that section 8(a) (5) and (1) had been violated by the company's stalling the negotiations at the June 25 and 26 meetings, by its withdrawal of recognition on July 6 and by reinstating the wage increases on July 8. We must, of course, grant enforcement of the Board's order if it is supported by substantial evidence in the record as a whole. E. g., N.L.R.B. v. Whitfield Pickle Co., 5 Cir. 1967, 374 F.2d 576. Here the record consists of largely undisputed facts from which two reasonable, albeit conflicting conclusions may be drawn. One is that adopted by the Board to the effect that the company's actions were designed to stall negotiations until the certification year had ended, then withdraw recognition of the union and give the employees a pay raise to influence them to keep the union out. The second conclusion is that urged by the company to the effect that the union's package proposal took them by surprise and that they therefore felt the necessity of conferring with the home office; that employees urged the company to withdraw recognition; that it had to grant the merit increases because the Board had found the withdrawal of them to be an unfair labor practice; [3] and that the failure to reinstate the general wage increases could also have been construed to be an unfair labor practice.

In such a situation as this a reviewing court may not

> displace the Board's choice between two fairly conflicting views, even though the court would justifiably

have made a different choice had the matter been before it *de novo*.

Universal Camera Corp. v. N.L.R.B., 1951, 340 U.S. 474, 488, 71 S.Ct. 456, 465, 95 L.Ed. 456.

The Board's order will, therefore, be Enforced.