**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MONROE AUTO EQUIPMENT COMPANY, Respondent.**

No. 24881.

United States Court of Appeals
Fifth Circuit.

April 4, 1968.

**560**

Marcel Mallet-Prevost, Asst. Gen. Counsel, William J. Avrutis, Atty., NLRB, Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Glen M. Bendixsen, Atty., National Labor Relations Board, for petitioner.

John E. Tate, Lincoln, Neb., Joseph S. Skelton, Hartwell, Ga., Nelson, Harding, Leonard & Tate, Lincoln, Neb., for respondent.

Before BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The Board has petitioned this Court, pursuant to Section 10(e) of the National Labor Relations Act (29 U.S.C. § 151 et seq.), for enforcement of its order wherein it found that respondent committed unfair labor practices in violation of Section 8(a) (3) and (1) of the Act at its Hartwell, Georgia, factory in that it discriminatorily transferred to less desirable employment, and thereafter constructively discharged, employee Hoke H. Smith and discriminatorily suspended employee Charles Cleveland.

The Board adopted the trial examiner's findings. The examiner credited the testimony of Hoke Smith as opposed to contradictory testimony as to whether his employment was more arduous than previous employment and as to whether more difficult employment resulted from Smith's union activities or his suspected union activities. The examiner found also, after conflicting testimony, that Cleveland's suspension was pretextual and in reprisal for his adherence to the union. Both Smith and Cleveland had acted as observers for the union at the election held by the Board in the plant.

There is considerable testimony in this case, pro and con, on the issue of the alleged unfair labor practices. Though the Board's evidence is not as strong as in some cases where we have enforced its orders, we are unable to say that the examiner's findings, adopted by the Board, are not supported by substantial evidence. Cf. Avondale Shipyards, Inc. v. N. L. R. B., 5 Cir., 1968, 391 F.2d 203. Numerous credibility choices were made by the examiner and we are usually bound by such determinations, Nabors v. N. L. R. B., 5 Cir., 1963, 323 F.2d 686; N. L. R. B. v. Waycross Sportswear, Inc., 5 Cir., 1968, 391 F.2d 294, though in a proper case the

Court may decline to follow the action of an examiner in crediting and discrediting testimony even though the Board has adopted the examiner's findings. N. L. R. B. v. Elias Brothers Big Boy, Inc., 6 Cir., 1964, 327 F.2d 421, 426. We are not barred from setting aside the Board's decision if we cannot conscientiously find that the evidence supporting it is substantial, but we are not at liberty to displace the Board's choice if it is between two fairly conflicting views, even though we would justifiably have made a different choice had the matter been before us de novo. N. L. R. B. v. Certain-Teed Products Corp., 5 Cir., 1968, 387 F.2d 639; N. L. R. B. v. Camco, Inc., 5 Cir., 1966, 369 F.2d 125, 127. Considering the record as a whole, we conclude there is substantial evidence to support the Board's findings of discrimination against Smith and Cleveland in violation of Section 8(a) (3) and (1) of the Act. See Avondale Shipyards, Inc., v. N. L. R. B., supra.

Enforced.