**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GREAT DANE TRAILERS, INC., Respondent.**

**No. 24935.**

United States Court of Appeals Fifth Circuit.

June 24, 1968.

---

Marcel Mallet-Prevost, Asst. Gen. Counsel, Allen J. Berk, Atty., NLRB, Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Lawrence M. Joseph, Attorney, for petitioner.

Robert C. Lanquist, Hamilton & Bowden, Jacksonville, Fla., for respondent.

Before JOHN R. BROWN, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM:

The Board here seeks enforcement of its order, 159 N.L.R.B. No. 39, requiring Employer, Great Dane Trailers, Inc., to refrain from threatening and coercively interrogating its employees in violation of § 8(a) (1) of the Act and requiring Employer to reinstate two employees who were discharged in violation of § 8(a) (3). The sole question presented is whether taking the record as a whole substantial evidence supports the Board's order. We enforce except as to the reinstatement of one of the employees as to whom we find to have been discharged for a non-discriminatory reason.

The evidence presented on the § 8(a) (1) violation need not be detailed at any great length. The infractions were minor, but the Board's findings that the Employer had created an impression of surveillance by letting it be known that the Union meetings were being watched, by asking two employees about the activities at the Union meetings, and by allowing a minor supervisor to state that "the man upstairs would close the doors before he would let the Teamsters come in" are enough to sus-

tain the § 8(a) (1) order. See Bilyeu Motor Corp. v. NLRB, 5 Cir., 1968, 391 F.2d 928; NLRB v. Certain-Teed Products Corp., 5 Cir., 1968, 387 F.2d 639.

 There is also substantial evidence to support the Board's conclusion that employee Lyons was discharged because of his Union activity. The Employer contends that Lyons was discharged because of his unsatisfactory work. But the timing of his discharge, the failure to afford Lyons the usual warning, notice, and opportunity to overcome deficiencies and the Employer's recent knowledge that he was a leading Union adherent were enough on which to find discriminatory motive. See NLRB v. Plant City Steel Corp., 5 Cir., 1964, 331 F.2d 511, 514–515; NLRB v. Griggs Equipment, Inc., 5 Cir., 1962, 307 F.2d 275, 278; NLRB v. Dell, 5 Cir., 1960, 283 F.2d 733, 736 n. 6, 737; NLRB v. S.S. Coachman & Sons, 5 Cir., 1953, 203 F.2d 109, 110–111.

 The facts are almost as clear as to the other discriminatee, Thompson, except that here we find the Board's order is not supported by substantial evidence. In response to a supervisor's criticism of him for allowing a whole crew of workers to take a break simultaneously instead of individually as was the Employer's policy, Thompson retorted in a crude and obscene manner that if management did not like it the Employer could have his job. Management took him at his word. The incident was immediately reported to the personnel office and Thompson was summarily fired. There was no countervailing evidence of anti-Union purpose. The Act and § 8(a) (3) do not provide protection for one so flagrantly insubordinate to the legitimate assertion of managerial authority. Barring acceptable proof of discriminatory aim, an employee who challenges the very power of management to maintain essential discipline in the shop by the sort of gage thrown down here by Thompson can not find a haven in the Act when the employer takes it up.

Enforced in part, denied in part.