**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HOLLY BRA OF CALIFORNIA, INC., Respondent.**

**No. 22543.**

United States Court of Appeals
Ninth Circuit.

Jan. 16, 1969.

---

sel, Washington, D. C., Paul A. Cassady, Director, N. L. R. B., Allison W. Brown, Jr., Allen J. Berk (argued), Los Angeles, Cal., for appellant.

William B. Irvin, Beverly Hills, Cal. (argued), Joseph M. McLaughlin, Basil Feinberg, Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and * CARR, District Judge.

BARNES, Circuit Judge:

Petitioner, under section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), seeks enforcement of its order against respondent Holly Bra of California, Inc., a manufacturer of swim wear and women's undergarments. (NLRB v. Holly Bra of California, Inc., 164 NLRB No. 151.)

The Board, on review of the trial examiner's findings, found no prejudicial error, and affirmed his ruling that respondent had committed unfair labor practices violative of sections 8(a) (1) and 8(a) (3) of the National Labor Relations Act and had engaged in misconduct affecting the results of an election. As a result, respondent was ordered to refrain from abridging section 7 guarantees and to compensate and rehire Dulce Fumero, an employee active in organizing for the union, who was found to have been discharged in a discriminatory manner.

Respondent does not challenge the findings and enforcement orders relating to its misconduct involving section 8(a) (1). Its objection is directed solely toward the determination involving employee Fumero.

It would avail little to here repeat the contentions of each side. The employer claimed the work Fumero did after the election was intentionally carelessly and poorly done, and hence rightly rejected by the employer. The employee claimed the employer unjustly found fault in her work. The trial examiner resolved this credibility conflict, as well as the ques-

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Coun-

* Hon. Charles H. Carr, United States District Judge, Central District, Los Angeles, California, sitting by designation.

872

tion of the quality of her work, in Fumero's favor. (Examiner's Opinion, p. 21.) The examiner concluded that the treatment received by Fumero was a management scheme to humiliate and harass her so as to force her into quitting her job. (Id. at 24.) The examiner rejected the employer's contention that the employee was simply determined to perform her duties in an unsatisfactory manner in retaliation, allegedly, for her disappointment at the result of the election. The examiner's recommendation was ratified by the Board.

Respondent's argument before this court is that the Board's order is not supported by substantial evidence and is so clearly erroneous that enforcement must be denied. In rejecting respondent's position, and ordering enforcement, we rely upon fundamental principles of appellate review.

 Clearly, if the facts are as the examiner found, respondent's conduct, as a reprisal for Fumero's union activities, constitutes a violation of section 8(a) (3). NLRB v. Monroe Auto Equipment Co., 392 F.2d 559 (5th Cir. 1968). An employer cannot do constructively what the act prohibits his doing directly, NLRB v. Vacuum Platers, Inc., 374 F.2d 866 (7th Cir. 1967), and causing working conditions to become intolerable as a means of terminating employment is forbidden conduct. NLRB v. Tennessee Packers, Inc., Frosty Morn Div., 339 F.2d 203 (5th Cir. 1964).

Respondent does not dispute the validity of these principles, but insists that this court should set aside the findings of the examiner and Board as totally without merit.

Concededly, it is within our power to reject such determinations, NLRB v. Elias Bros. Big Boy, Inc., 327 F.2d 421 (6th Cir. 1964), but this is not an action we undertake casually (Fed.R. Civ.P. 52(a)), since we must accept the

initial judgment unless it is not supported by "substantial evidence." Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The fact that the Board's choice is one of two conflicting alternatives and that evidence and inferences exist to support the rejected choice is not a sufficient ground for refusing to order enforcement. NLRB v. Certain-Teed Products Corp., 387 F.2d 639 (5th Cir. 1968); NLRB v. Camco, Inc., 369 F.2d 125 (5th Cir. 1966).[1]

The matter here hinges on credibility choices, the significant decision being the trial examiner's acceptance of Fumero's testimony as true and his downgrading of Yoshida's and Young's testimony as "embellished", "self-contradictory" or "exaggerated"; and because Pinas showed a "lack of candor," etc. On the record before us, we are not so omniscient as to declare this decision to be unsupported by substantial evidence. N LRB v. Waycross Sportswear, Inc., 391 F. 2d 294 (5th Cir. 1968); Nabors v. NLRB, 323 F.2d 686 (5th Cir. 1963). The Board's order is, therefore, enforced.

1. We do not read McGowan v. United States, 296 F.2d 252 (5 Cir. 1961) to the contrary. That case was reversed and remanded "based * * * on two factors quite independent of any such run-of-the-mill credibility choice" (p. 255). The first factor was an erroneous "assumption" and the second an erroneous "mathematical necessity." (Id. p. 255), which two factors do not here exist.