**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SOUTHERN CEMENT COMPANY, DIVISION OF MARTIN–MARIETTA CORPORATION, Respondent.**

No. 27357

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Oct. 17, 1969.

C. H. Rosenstein, Tulsa, Okl. (Jay W. Whitney, Tulsa, Okl., on the brief), for appellants.

Carolyn R. Just, Atty., Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Crombie J. D. Garrett, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before HILL, SETH and HOLLOWAY, Circuit Judges.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Allison W. Brown, Jr., Marjorie S. Gofreed, Attys., N.L.R.B., Washington, D. C., for petitioner.

Dom H. Wyant, F. T. Davis, Jr., Atlanta, Ga., Winthrop A. Johns, Washington, D. C., Hansell, Post, Brandon & Dorsey, Atlanta, Ga., Reilly, Johns & Zimmerman, Washington, D. C., of counsel, for respondent.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

This is an application for enforcement of an order of the Board setting aside an election and requiring the respondent to cease and desist from certain specified conduct in violation of section 8(a) (1) of the National Labor Relations Act.[1] The Board adopted findings of the trial examiner to the effect that respondent's president, in a speech at a meeting that employees were required to attend, threatened to lay off employees and eliminate payment of the customary Christmas bonus if the Union was voted in and promised to pay wages equal to those currently being paid at Union plants if the Union was defeated. The examiner also found that one of respondent's supervisors had engaged in coercive interrogation and had threatened one worker regarding lay-offs, and the Board adopted these findings as well. The sole question for our determination is whether these findings are supported by substantial evidence.

Respondent's argument against enforcement rests entirely upon an attempt to overturn the examiner's credibility determinations. Recognizing the heavy oar it must pull to justify reversal on this ground, respondent refers us to the following language in NLRB v. Monroe Auto Equipment Co., 5th Cir. 1968, 392 F.2d 559, 560–561: "[I]n a proper case the Court may decline to follow the action of an examiner in crediting and discrediting testimony even though the Board has adopted the examiner's findings." We do not think, however, that the case at bar presents such an instance; rather, we think it falls within the further language of the *Monroe* case, *supra*, that "we are not at liberty to displace the Board's choice if it is between two fairly conflicting views, even though we would justifiably have made a different choice had the matter been before us de novo." The trial examiner wrote a full memorandum of decision in which he explained the reasons for his credibility determinations painstakingly and in detail. Each of his findings adopted by the Board was clearly supported by the testimony of witnesses whom he had some reason to believe credible and who at the very least created a fair conflict with testimony of respondent's witnesses. Therefore, we hold that respondent's disagreements with the examiner's credibility determinations, even though not wholly without merit as must inevitably be the case when testimony of numerous witnesses is in hopeless conflict, do not vitiate the Board's findings of fact since those findings remain supported by substantial evidence in the record viewed as a whole.

Enforced.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place on Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.