**RED ARROW FREIGHT LINES,**
Petitioner, Cross-Respondent,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent, Cross-Petitioner.

No. 27834
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 19, 1970.

———◆———

Allen P. Schoolfield, Jr., and Michael Jay Kuper, Schoolfield & Smith, Dallas, Tex., for petitioner, cross-respondent.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Robert A. Giannasi, Douglas L. Leslie, Attys., National Labor Relations Board, Washington, D. C., Elmer Davis, Regional Director, N.L.R.B., Fort Worth, Tex., for respondent, cross-petitioner.

Southern Conference of Teamsters, by L. N. D. Wells, Jr., Dallas, Tex., amicus curiae.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. *See* Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; 5th Cir. R. 18.

The National Labor Relations Board found that Red Arrow Freight Lines violated section 8(a) (3) and (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (3) and (1), by discriminatorily refusing to hire Lyal L.

Foster because of his actual or suspected membership in the Teamsters Union. 175 NLRB No. 160. The only question on review is whether substantial evidence on the record taken as a whole supports this conclusion. *See* NLRB v. Monroe Auto Equipment Co., 5 Cir. 1968, 392 F.2d 559.

On many of the factual questions, reasonable men might have reached different conclusions, and there were several credibility determinations to be made by the Trial Examiner. But there is ample evidence to support the findings.

Therefore, we enforce the order of the Board.