Robert S. ARNOLD et al.

v.

UNITED ASSOCIATION OF JOURNEY-
MEN AND APPRENTICES OF the
PLUMBING AND PIPE FITTING
INDUSTRY OF the UNITED STATES
AND CANADA, LOCAL UNION NO.
449, AFL–CIO, a labor organization, and
National Valve and Manufacturing Com-
pany, a corporation.

Civ. A. No. 74–29.

United States District Court,
W. D. Pennsylvania.

Feb. 12, 1975.

F. Peter Dixon, Pittsburgh, Pa., for
plaintiffs.

John G. Wayman, Eric P. Reif, Pitts-
burgh, Pa., for National Valve & Mfg.
Co.

Ben Paul Jubelirer, Pittsburgh, Pa.,
for Union No. 449.

OPINION

GOURLEY, Senior District Judge:

This proceeding has been filed and ju-
risdiction exists pursuant to Section
301(a) of the Labor Management Rela-
tions Act, 29 U.S.C. § 185. Plaintiffs

allege that defendant National Valve and Manufacturing Company (NAVCO), in violation of a collective bargaining agreement, wrongfully disregarded seniority rights, causing them to be laid off from certain journeymen's work, and in concert with defendant Union conspired to exclude plaintiffs from becoming Certified Building Trades Journeymen. It is also asserted that the defendants conspired to deprive plaintiffs of retirement and fringe benefits due them while they performed journeyman duties. Finally, it is asserted that defendant union is guilty of unfair representation. The Court has afforded the parties a full and complete trial and has considered the briefs and argument of counsel. Based thereon, it is the considered judgment of the Court that no liability exists on the part of defendants.

The facts, most of which have been stipulated, may be briefly stated. Plaintiffs are all employees of defendant NAVCO and have been employed by this defendant since it acquired a pipe shop (the "43rd St. Shop") on February 10, 1967, from Pittsburgh Piping and Equipment Company. Both Pittsburgh Piping and NAVCO employed two classifications of workers at their respective plants, consisting of metal tradesmen (also referred to as fabricators) and journeymen (also known as steamfitters).[1] Although several plaintiffs have attempted to become certified journeymen by taking a test given under the exclusive control of defendant Unions, which for collective bargaining represent plaintiffs and other metal tradesmen as well as journeymen, none of the plaintiffs has ever become a journeyman, but all have remained in the classification of metal tradesmen.

In spite of the requirement of passing a test to become a journeyman, it has been a practice by agreement between the companies and defendant Local 449 since at least 1944 that when the business needs of the shops required additional steamfitters and none could be supplied by Local 449, the employer temporarily upgraded metal tradesmen (such as those in plaintiffs' classification) on a monthly permit basis to perform such steamfitters' work as their company-tested skills qualified them. As steamfitters became available, the permit men returned to their metal trades jobs.

This practice as described above was memorialized when NAVCO, Pittsburgh Piping, and Local 449 entered into a Memorandum of Understanding on June 9, 1966. Thus plaintiffs, when employed by Pittsburgh Piping and subsequently when working for defendant NAVCO, were aware of the practice and custom related to being on permit status; and although there is no seniority among journeymen, for as long as plaintiffs worked on permit performing journeymen's work, they continued to accrue seniority for purposes of their metal trades positions. It is well to note in this regard that metal trades employees enjoyed shop seniority for job selection, or "bumping" purposes, as metal trades workers. While working on permit status, plaintiffs received steamfitters' pay —twice the pay of a metal tradesman— plus one dollar an hour additional compensation normally withheld from regular steamfitters' pay for pension purposes. Moreover, as permit men, plaintiffs continued to be covered by defendant NAVCO's pension, health, and welfare programs, and had all the time worked on permit status credited to them for subsequent vacation calculations.

---

1. A national contract entered by NAVCO, Pittsburgh Piping, and defendant Unions as early as June, 1965, specifies the work responsibilities of journeymen and metal tradesmen, and it has been stipulated as follows that:

A metal tradesman performs work consisting of painting and sandblasting pipe, sanding miscellaneous pipe, operating cranes, and general labor;

A journeyman works with pipe as a bender, welder, layout man, pipe cutter, and vanstone operator.

Between 1966 and 1972, plaintiffs worked on permit status as described above. When a reduction in employees became necessary in 1972, plaintiffs were returned to their metal trades jobs and have been continually on these jobs since that time.

 Plaintiffs filed grievances asserting that NAVCO had violated their contract rights by causing their removal as permit journeymen. These were denied after the Union, company, and grievants met consistent with contract grievance procedures, and after opportunity for discussion, decided that the reduction of forces was carried out in conformity with the June 9, 1966, memorandum hereinabove referred to. Subsequently various grievance and unfair labor practice charges were filed relative to plaintiffs' removal as permit men. In each instance, no basis for reinstatement was found to exist. The Court likewise can discern no basis for finding any liability on the part of any defendant. While plaintiffs have been uniformly unsuccessful in passing the journeymen's qualifying test, it has not been established that this requirement was made more difficult for plaintiffs than any other person seeking entrance into journeyman status. Certainly, the Union did all it could to process and perfect plaintiffs' grievances within the framework of the collective bargaining agreement in force; and the plaintiffs, fully aware of the custom and practice relative to the permit journeymen arrangement, benefitted from it for many years. In fact, while working in this capacity, plaintiffs received benefits which on the average cost NAVCO approximately 18½ cents per hour more than regular steamfitters.

 Although plaintiffs assert entitlement to seniority as journeymen based on the time they worked as permit men, they have not shown any contractual provision which gives them this right. Plaintiffs have not proven this at all and the Court cannot rewrite the contract for them. Trailmobile Co. v. Whirls, 331 U.S. 40, 67 S.Ct. 982, 91 L. Ed. 1328 (1947); NLRB v. Corsicana Cotton Mills, 179 F.2d 234 (5th Cir. 1950). Moreover, charges of unfair representation by plaintiffs against defendant Unions have been uniformly denied by the NLRB. While this does not amount to res judicata, such findings are entitled to be given considerable evidentiary weight. Smith v. Local 25, Sheet Metal Workers International, 500 F.2d 741 (5th Cir. 1974). Since the Court finds no deprivation of any contractual rights, a fortiori there is no basis upon which to premise any conspiracy between NAVCO and the Union. What these defendants have done is to engage in collective bargaining in its broadest sense.

In view of the foregoing, it is the considered judgment of the Court that the instant proceeding should be dismissed, there being no liability on the part of any defendant.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate Order is entered.

### ORDER

And now, this 12th day of February, 1975, the above captioned proceeding is hereby dismissed with prejudice.