NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

UNITED STATES TRUCKING
CORPORATION, Respondent.

No. 75–4237

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 7, 1976.

Rehearing Denied July 21, 1976.

Elliott Moore, Deputy Assoc. Gen. Counsel, N. L. R. B., Aileen Armstrong, Supervisor, Richard Cohen, Atty., Washington, D. C., for petitioner.

Herbert Burstein, James F. Maher, New York City, for respondent.

Walter C. Phillips, Director, Region 10, N. L. R. B., Atlanta, Ga., for other interested parties.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

This is an application by the National Labor Relations Board pursuant to section 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), for the enforcement of its order issued against respondent, *United States Trucking Corp.,* 219 NLRB No. 40 (July 25, 1975). The Board found that the trucking company had violated section 8(a)(1) of the Act, 29 U.S.C. § 158(a)(1), by refusing employment to seven employees because of their actual or believed involvement in concerted protected activities. *See Phelps Dodge v. NLRB,* 313 U.S. 177, 187, 61 S.Ct. 845, 849, 85 L.Ed. 1271, 1279 (1941); *Red Arrow Lines v. NLRB,* 5 Cir., 1970, 423 F.2d 35, 36. Respondent argues that there is no substantial evidence in the record supporting this conclusion and therefore the Board's application should be denied.

The NLRB's order was precipitated by a series of events during June of 1974 which resulted from the award to United States

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Trucking of a contract for a job that was then being performed by another company. On June 26, respondent told employees of the outgoing firm that they would all be retained despite the new arrangement. However, on June 28, a number of these employees engaged representatives of the trucking company in a heated discussion concerning back pay allegedly withheld by the outgoing firm. The next day, the company informed a union representative that, contrary to its earlier assurances, seven employees were not going to be retained when work began under the new contract. Six of the seven men denied reemployment were persons whom representatives of the trucking company had identified as having presented the back pay grievance the day before. Although the remaining employee, Willie Couch, had not been involved in the June 28 incident, his brother, Wilford Couch, was among the employees seeking back pay. Consequently, the Board concluded that respondent had confused the two brothers because of their similar names. These and numerous other facts in the record are more than sufficient to support the inference drawn by the NLRB that respondent's refusal to hire the seven employees resulted from their actual or believed demands for back pay. *See Teamsters, Local 633 v. NLRB,* D.C.Cir. 1974, 509 F.2d 490, 497 n. 30; *Texas Aluminum Co. v. NLRB,* 5 Cir. 1970, 435 F.2d 917, 919.

Therefore, the order of the Board is ENFORCED.