**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PINE MANOR NURSING HOME, INC., Respondent.**

No. 77–2887
SUMMARY CALENDAR.*

United States Court of Appeals, Fifth Circuit.

Aug. 18, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Elliott Moore, Deputy Assoc. Gen. Counsel, William R. Stewart, Super. Gen. Counsel, Christine Peterson, Atty. Gen. Counsel, John S. Irving, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Asso. Gen. Counsel, N.L.R.B., Washington, D. C., for petitioner.

Carl A. Morring, Jr., Huntsville, Ala., for respondent.

Charles M. Paschal, Jr., Director Region 15, N.L.R.B., New Orleans, La., for other interested party.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

This is an application of the National Labor Relations Board for enforcement of its order in which it found respondent to have violated section 8(a)(5) and (1) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 88 Stat. 395, 29 U.S.C. § 151 et seq.), by (1) refusing to bargain in good faith with the union, (2) unilaterally implementing an insurance program for its employees without notifying the union, and (3) refusing to bargain with the union while unfair labor charges were pending before the board. After careful review of the record and of the briefs submitted on behalf of the petitioning N.L.R.B. and the respondent, Pine Manor Nursing Home, Inc., we order enforcement.

It is undisputed that, after certification of the Laborer's Local Union No. 246 as the exclusive bargaining representative of respondent's employees, there were many meetings between negotiators for the union and for respondent. While numerous conferences between the parties constitute some evidence of good faith (N. L. R. B. v. Corsicana Cotton Mills, 179 F.2d 234 (5th Cir. 1950)), it is clear that the parties to such negotiations are required to do something more than attend purely formal meetings constituting no more than a mere pretense at negotiation. N. L. R. B. v. Insurance Agents' Union, 361 U.S. 477, 80 S.Ct. 419, 4 L.Ed.2d 454 (1960). We have observed that the law imposes "a duty on both sides, though difficult of legal enforcement, to enter into discussions with an open and fair mind, and a sincere purpose to find a basis of agreement." Globe Cotton Mills v. N. L. R. B., 103 F.2d 91, 94 (5th Cir. 1939).

Here, the evidence as to what occurred at those meetings was in sharp dispute. Further, witnesses on behalf of each of the negotiating parties were somewhat less than satisfactory with each party pointing, on this appeal, to apparent contradictions in the testimony given. The findings and decision of the administrative law judge disclose that he attempted to evaluate the testimony as well as possible on the evidence before him, making credibility choices where necessary. The decision and order of the board indicates that it was asked to review and reverse credibility findings made by the administrative law judge. While acknowledging that the board had the authority to reverse such credibility findings if "the clear preponderance of all

the relative evidence convinces [the board] that the resolutions are incorrect," the board, after carefully examining the record, found no basis for reversing those findings. We, in turn, have reviewed the record of this proceeding. The administrative law judge had the opportunity to appraise the demeanor of the witnesses and it is clear that his credibility choices reflected his appraisal of the manner of testifying by one or more of the witnesses. We cannot conclude that the administrative law judge did not give due weight and consideration to the demeanor of the witnesses and the believability of the conflicting accounts. Inasmuch as we find no clear error in his findings, they are entitled to affirmance on review, whether or not we or either of us would have reached the same conclusions as an initial trier of the facts. *N. L. R. B. v. Monroe Auto Equipment Co.*, 392 F.2d 559 (5th Cir. 1968).

Based upon those findings of fact, the employer clearly violated the act in the particulars alleged and found to be correct by the board. Accordingly, its order was appropriate and is ordered

ENFORCED.