## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## UNITED PAPERMAKERS & PAPER-WORKERS, AFL–CIO, Respondent.

### No. 18067.

United States Court of Appeals
Sixth Circuit.

July 3, 1968.

McCree, Circuit Judge, dissented in part.

Corinna L. Netcalf, N.L.R.B., Washington, D.C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, George B. Driesen, Arthur A. Horowitz, Attys., N.L.R.B., Washington, D.C., on brief, for petitioner.

Warren Woods, Washington, D.C., Betty Southard Murphy, Washington, D.C., on brief; McInnis, Wilson, Munson & Woods, Washington, D.C., of counsel, for respondent.

Before EDWARDS, McCREE and COMBS, Circuit Judges.

EDWARDS, Circuit Judge.

The National Labor Relations Board herein petitions for enforcement of a cease and desist order directing respondent union[1] to refrain from threats of physical violence to or of causing the discharge (from employment at Continental Can Company) of certain union members. The record indicates that one Laughrey, a Papermakers' steward, had

---

1. United Papermakers & Paperworkers, AFL–CIO.

threatened to go to the Board to file a decertification petition, whereupon the Papermakers' business agent and the president of the local responded with certain threats of their own.

The Board described these thus:

"The Trial Examiner found, and we agree, that Respondent violated Section 8(b) (1) (A) of the Act by the threats of its agent, Hendershott, to the Charging Party, Laughrey, made in the presence of other employees, that Hendershott would 'fire' Laughrey and that Hendershott would 'bring in the big boys from New York' and 'chop up' Laughrey if Laughrey tried to obtain Board decertification of Respondent's local union."

Respondent contends that all of the threats, if read in context, amounted to threats to "fire" Laughrey from his union post and not from his job with Continental Can. Respondent asserts that the "bring in the big boys from New York" to "chop up" Laughrey represented a threat of union political reprisal rather than a physical threat, and, hence, was no violation of section 8(b) (1) of the National Labor Relations Act.

On this record respondent's interpretations are permissible ones. But, of course, the drawing of legitimate inferences from disputed facts is the function of the Board and not of this court. NLRB v. Local Union No. 369, IBEW, 341 F.2d 470, 472 (6th Cir. 1965); NLRB v. Superex Drugs, Inc., 341 F.2d 747, 749 (6th Cir. 1965).

Here the length of this union's bargaining relationship with Continental Can, the use of the word "fire," and the totality of circumstances (including the interpretation of the hearers) represent support on the total record for the findings and order of the Board to the extent that they refer to threats to cause Laughrey's discharge from his company employment.

We find no support, however, for the Trial Examiner and the Board interpreting the language "I'll bring the big boys in from New York and I'll chop you into little pieces" as a physical threat. Such a threat literally read would be an extraordinary one. This record presents no pattern of violence, let alone chopping "into little pieces." There were three other men present with Laughrey at the disputed conversation. The testimony of Laughrey and his three associates makes clear that they construed the disputed language employed at the meeting by the Papermakers' representative as a threat to Laughrey's job—but not as a threat to his person.

The Board's order will be amended to exclude reference to threatening "physical violence" or bodily harm. Enforcement of the Board's order, as amended, is granted.

McCREE, Circuit Judge (concurring in part and dissenting in part).

I concur in the determination of my colleagues to enforce the Board's order insofar as it is concerned with a threat to cause Laughrey's discharge from his company employment. Although I would not interpret the language "I will bring the big boys in from New York and I will chop you into little pieces" as a threat of physical violence if I were permitted to make a finding *de novo*, I cannot conclude that the Board's literal interpretation of the language is impermissible.