The **BARTLEY COMPANY**, Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD**, Respondent.

No. 18739.

United States Court of Appeals Sixth Circuit.

May 9, 1969.

518

Carl V. Bruggeman, Toledo, Ohio, for petitioner, Shumaker, Loop & Kendrick, Francis J. Gallagher, William R. Radford, Toledo, Ohio, on brief.

Joseph C. Thackery, N.L.R.B., Washington, D. C., for respondent, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., Atty., N.L.R.B., Washington, D. C., on brief.

## ORDER

Before WEICK, Chief Judge, and EDWARDS and PECK, Circuit Judges.

This matter is before the Court upon a petition to review a decision and order of the National Labor Relations Board, and upon the Board's cross-petition for enforcement. The decision and order is reported at 170 NLRB No. 80. The Board found that petitioner violated Section 8(a) (5) and (1) of the National Labor Relations Act (29 U.S.C. § 151 et seq.) by refusing to recognize and bargain with the Union which represented a majority of its employees, and also violated Section 8(a) (1) of the Act by interfering with, restraining and coercing its employees in the exercise of their right of self-organization. The Board's order ordered petitioner to cease and desist from the unfair labor practices which it found, and further ordered petitioner to bargain collectively with the Union upon request.

The Board's finding of a Section 8(a) (1) violation is based upon a statement made by petitioner's store manager to certain employees during the period preceding a representation election to the effect that he had gotten wage increases for them * and that if they were not accepted "the company will have to move elsewhere." The Trial Examiner also found a threatened reduction of working hours, but while the Board adopted his findings no further reference was made to this subject. The record establishes that these statements were made on the initiative of the manager and that immediately upon learning that the statements had been made petitioner caused them to be retracted; such retraction was effected on the same day that the statements were made, the manager admitted he had been in error, and the employees knew that he had been directed by higher officials to repudiate his statements. The Board's finding of a Section 8(a) (5) violation is based upon petitioner's refusal to recognize and bargain with the Union, which refusal was by letter advising that petitioner would consent to an election. In the consent election the Union got five votes, six were against it, and three ballots were challenged; based upon a card count, the Union had claimed a majority of eight out of thirteen.

It is here concluded that while had they been permitted to stand the volunteer remarks of petitioner's store manager would have been such a violation of the Act as would have tainted the election, their retraction was made in such a manner as to completely erase the effect they might otherwise have had, and it is further held that there is not substantial evidence in the record taken as a whole to support the Board's findings of a violation of the Act. Lane Drug Co. v. N.L.R.B., 391 F.2d 812 (6th Cir.), cert denied, 393 U.S. 837, 89 S.Ct. 114, 21 L. Ed.2d 108 (1968); Peoples Service Drug Stores, Inc. v. N.L.R.B., 375 F.2d 551 (6th Cir. 1967); Pizza Products Corp. v. N.L.R.B., 369 F.2d 431 (6th Cir. 1966). Accordingly,

It is ordered that enforcement of the order of the National Labor Relations Board be and it hereby is denied.

Entered by order of the Court.

---

* For present purposes the construction of conflicting testimony most favorable to the Board is adopted. Petitioner contends the evidence showed only that the manager stated he would attempt to get the wage increases.

EDWARDS, Circuit Judge (dissenting).

Again I express my disagreement with this court's assumption of the fact-finding responsibilities of the National Labor Relations Board. *See, e. g.,* G.P.D., Inc. v. NLRB, 406 F.2d 26, 35 (6th Cir. 1969) (dissenting opinion).

The Retail Clerks Union undertook an organizing campaign at petitioner's Swanton, Ohio, grocery store. As of December 2, 1966, it had authorization cards from 8 of the 13 employees. The union made several demands for recognition and bargaining and tendered an impartial third-party card check. The company responded by refusing recognition and proposing a consent NLRB election.

During the period preceding the election, the store manager talked to a number of the employees, telling them that he had secured wage increases for them, and threatening that if the union won the election, the company would close the store. Some of the increases promised totaled $20 a month. There was also testimony which the Board credited that in this period he threatened an employee with loss of work in the event of unionization.

Immediately after the promises of wage increases had been made, however, the store manager talked with a company official who told him that to do this was against the law and that he would have to retract the promises. He did so by going back to some of the employees and telling them that he could not go through with the promises that he had made because the union would consider them "bribery."

The Trial Examiner and the Board on this record found violations of sections 8(a) (1) and 8(a) (5) of the NLRA and entered a cease and desist and a bargaining order. The Board specifically found that the disavowal of the promises was not effective and that the company's refusal to bargain had not been in good faith.

It is hard to think of a clearer unfair labor practice than meeting a union organizing campaign with unilateral wage increase promises to individual employees. True, there was a recantation of a sort, but the language used by the store manager, Doren, was, "he was sorry, they could not go through with the raise as promised * * * the Union would consider it bribery." The Trial Examiner and the Board found:

"Doren's subsequent statement to the employees, that they could not be given wage increases because the increases would be considered 'bribery' of the employees to reject the Union, did not dissipate the coercive impact of his prior remarks. As Doren's 'retraction' amounted to hardly more than a statement that wage increases could not be given because of the Union's organizing campaign, it tended to emphasize rather than to detract from the message of his prior remarks that [the company] was ready to give the employees wage increases if they dropped their support of the Union * * *."

It is certainly within the discretion of the fact-finding agency to find from these facts that the impact of the promises was not effectively negated. *See* NLRB v. Walton Mfg. Co., 369 U.S. 404, 82 S.Ct. 853, 7 L.Ed.2d 829 (1962); Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Surprenant Mfg. Co. v. NLRB, 341 F.2d 756 (6th Cir. 1965); NLRB v. United Papermakers & Paperworkers, 397 F.2d 153 (6th Cir. 1968); Morse Instrument Co. v. NLRB, 388 F.2d 1 (6th Cir. 1967); NLRB v. Local Union No. 369, IBEW, 341 F.2d 470 (6th Cir. 1965); NLRB v. Superex Drugs, Inc., 341 F.2d 747 (6th Cir. 1965); NLRB v. Wayne W. Wilson Co., 311 F.2d 1 (6th Cir. 1962). *See also* NLRB v. United Insurance Co., 390 U.S. 254, 88 S.Ct. 988, 19 L.Ed.2d 1083 (1968).

I would grant enforcement of the order of the Board.